BURNS & SMUCKER vs. HARRIS & ALLEN.

1, Whether a partner on a deficiency of partnership assets to pay partnership debts is entitled to a personal property exemption of $500 out of such assets in preference to the said debts; and whether if such partner has individual property sufficient to cover such exemption, he shall be compelled to resort to that, are questions of great importance and deserving serious consideration, but as the facts out of which they arise are only set forth inferrentially this Court will not proceed to consider them but remand the cause to the end that the facts may be ascertained and the rights of the parties declared.

This was an appeal from a decision rendered by His Honor Judge Watts, at Chambers, on the 28th day of January, 1871, in a civil action pending in the Superior Court of Franklin.

The action for goods, &c., sold, was commenced October 15th, 1870, and before the summons term, justices executions issued on judgments in favor of other creditors against the defendants who were merchants, on the 27th October, 1870 ; the constable before levying, proceeded to lay off to each of the defendants, out of the partnership effects, an exemption of $500; on the same day the defendants executed a deed in trust to Mr. Bullock, but for what property and on what trusts does not appear ; in the deed the bargainors attempt to reserve or except the property exempt by the Constitution and laws; on the 2d of November, 1870, the report of the appraisers was duly certified and registered ; the deed in trust was registered on the 10th of November; on the 8th of No-

vember a warrant of attachment issued in this action which was, on the 9th, levied on the stock of goods of the defendant, including that portion laid off by the constable; thereupon a motion was made to His Honor to discharge the levy of the attachment as to the property laid off.

His Honor allowed the motion and the plaintiff appealed.

The appeal was heard at June Term, 1871, and the Court took an *advisari* until the present term.

*Batile & Sons* for the appellant.
*Fowle* and *A. M. Lewis* for the appellee.

READE, J. The property of a partnership belongs neither to one partner nor another, but to both or all. And the individual interest of a partner is only a share of what remains after the partnership liabilities are satisfied and the partnership closed up. This is the general rule. Whether, therefore, one of the partners is entitled to have his $500 personal property exemption out of the partnership effects, before the debts of the firm are satisfied, is a grave question, which may come up for decision but it does not clearly arise in this case and, therefore, we do not decide it. It would arise in this case if it appeared that the remainder of the partnership effects, after taking out the exemptions, was sufficient to pay the partnership debts.

Upon the supposition that the partnership effects are insufficient to pay the partnership debts, and upon the further supposition that the individual partners are entitled to their exemption nevertheless : then, another question arises : suppose the individual partners have property of their own, not connected with the partnership, are they not obliged to select their exemptions from their individual property before going upon the partnership property ? How is the fact in this case ? Have the parties individual property of their own ? It does not appear whether they had or not, except by inference. We infer that they had, because it is said that they made a deed

BURNS & SMUCKER *v.* HARRIS & ALLEN.

in trust, about the time of the levy of the execution to one Bullock, the contents of which are not stated, except that it is provided in said deed that it shall not affect their personal property exemption. We infer from this that they had property, but nothing specific appears. We, therefore, reverse the order of His Honor below and remand the cause to the end that the facts may be ascertained and the rights of the parties declared according to law. And if the case is to be before us again we suggest that it be ascertained and stated whether the partnership effects were sufficient to pay the debts of the partnership, and whether over and above there would be anything to divide out among the partners; and also whether the individual members had property of their own out of which the exemptions might be allowed; and also, whether the property exempted is the same for which the debt due the plaintiff was contracted.

There is error. Let this be certified.

PER CURIAM.                                        Judgment reversed.