## BURNS & SMUCKER *vs.* HARRIS & ALLEN.

A portion of the effects of a partnership can be set aside to one of the partners, as his personal property exemption, with the consent of the other partner or partners. Without such consent it cannot be.

[Mistake in the report of *Burns & Smucker* v. *Harris & Allen,* 66 N. C. 509, corrected.]

This cause was before this Court at last term, when it was remanded to the Superior Court of FRANKLIN, whence it came up that the facts might be ascertained and the rights of the parties determined.

At Spring Term, 1872, of Franklin Superior Court, the defendant Harris made a motion, to discharge an attachment obtained by the plaintiff, as to certain [goods of the firm of Harris & Allen, which had been set apart to him as a personal property exemption, under a Justice's execution. The motion was, by consent, heard before *Moore, J.,* at Chambers.

The parties agreed to the following (in addition to those set forth in the case as reported in 66 N. C. R. 509) as the facts, which this Court intended should be ascertained :

1. The partnership effects were insufficient to pay the partnership debts.

2. The members of the firm had no individual property outside of their interest in the partnership property.

3. The property set apart was no part of that for which the plaintiff's claim was contracted, but was a part of the stock of goods purchased from the plaintiffs and others.

His Honor overruled the motion of the defendant Harris, and, on motion of the plaintiffs, ordered that the clerk, with whom the proceeds of a sale of the goods in controversy were deposited under a former order in the cause, apply said proceeds to the payment of the plaintiff's judgment for their debts.

From this judgment and order the defendants appealed.

BURNS & SMUCKER *v.* HARRIS & ALLEN.

The defendants having been adjudicated bankrupts on creditors' petition, and C. L. Harris being appointed their assignee, at this term, said assignee filed a petition to be made a party defendant, by Moore & Gatling, his attorneys.

*Batlle & Son,* for the plaintiffs.
*A. M. Lewis,* for the defendants.

READE, J. The motion of C. L. Harris, assignee in bankruptcy of Harris & Allen, to be made party defendant, is allowed, but we do not adjudicate any conflicting claims between the assignee and the defendants, as the defendants have no notice.

One of two or more partners cannot have a portion of the partnership effects set apart to him, as his personal property exemption, without the consent of the other partner or partners ; because the property is not his. But if the other partner or partners consent, then it may be done. The creditors of the firm cannot object, because they no more have a *lien* upon the partnership effects for their debts, than creditors of an individual have upon his effects. In our case the partners did assent.

It is proper to say, that the counsel for the plaintiffs in this case were misled by a misprint, in the opinion of this Court, when this case was before us heretofore, (66 N. C. R.) "Sufficient" is printed for "*in*sufficient."

There is error. Judgment reversed, and judgment here that the property levied on be discharged from the levy, and the money in the hands of the clerk or other person will be paid over to the defendant. And if the money under the order of the Court below has been paid over to the plaintiffs, there will be judgment in favor of the defendant against the plaintiffs for the amount. And if the counsel do not agree, the clerk will ascertain the facts.

PER CURIAM.                    Judgment accordingly.