STATE on the relation of SCOTT & BURTON, et al. v. JOS. G. KENAN, Sheriff, et als.

*Personal Property Exemptions— Complaint—Sheriff's Bond— Stare Decisis—Partnership.*

1. Where a complaint alleges that a judgment debtor demanded his personal property exemptions in apt time, but that the sheriff failed and refused to allot it to him, and afterwards sold the property and applied the money to executions in his hands, it sufficiently alleges a breach of the bond, and a motion to dismiss because the complaint does not state facts sufficient to constitute a cause of action was properly refused.

2. One partner, with the assent of the other, is entitled to have a personal property exemption allotted to him out of the partnership property before the partnership debts are paid, and it is immaterial that he has individual property sufficient to make up the exemption.

3. The Court will adhere to former decisions, although not fully satisfied by the reasoning by which the conclusion is reached, unless it is clearly wrong, and calculated to lead to mischievous consequences unless corrected.

4. Each partner has a right, for his own exoneration, to have the partnership property applied to the payment of the joint debts, but the partnership credtors have no such equity.

5. The refusal of the sheriff to lay off the personal property exemption to a debtor on whose chattels he has levied, is a breach of his official bond, and an action thereon lies in favor of of such debtor.

(*Burns* v. *Harris*, 67 N. C., 140; *Allen* v. *Grissom*, 90 N. C., 90; cited and approved. *Crumpler* v. *The Governor*, 1 Dev., 52; *Eaton* v. *Kelly*, 72 N. C., 110, cited, distinguished and approved).

CIVIL ACTION, tried before *Boykin, Judge,* and a jury, at November Term, 1885, of the Superior Court of DUPLIN county.

This suit was commenced by the issue of a summons on the 25th day of April, 1885, for a cause of action thus set out in the complaint. The defendant, Kenan, having been elected sheriff of Duplin county, on February 11th, 1885, as principal, and the other defendants as sureties, executed an official bond in the penal sum of $5,000, with condition required by law, which was accepted, and he inducted into office. A copy of the bond is annexed to the complaint. The plaintiffs, Jos. L. Burton and Ira J. Scott, constituting the partnership firm of Scott & Burton, on January 29th, 1885, made an assignment of their stock of goods to the plaintiff, Grisham, in trust, to secure certain debts due by them to the creditors therein named.

It is unnecessary to set out the answers, and the substance of the complaint only, is given below, because one of the exceptions· is to the denial of the motion to dismiss, made upon the grounds that the complaint in the case "does not state facts sufficient to constitute a cause of action, founded on the sheriff's bond, against him and his sureties, in that no breach of it is shown."

The facts out of which the exceptions presented in the appeal arise are as follows:

The plaintiffs were partners in trade, and bought a bill of goods for a considerable amount, of the firm of Brown & Roddick, of the City of Wilmington, who recovered a judgment against the plaintiffs for the same, and on which an execution issued and was levied by the defendant sheriff, and the goods sold to satisfy the debt—the sheriff having previously demanded a bond of indemnity of Brown & Roddick, which was given. Separate actions were brought by the members of the plaintiff firm, but, on motion of the defendants, they were consolidated into one action, by order of the Court.

The plaintiffs, before said sale, had made an assignment, alleged to be fraudulent, to J. W. Grisham, who was also made a party plaintiff at the instance of Scott & Burton, and who was in possession of the goods, as their trustee, at the time of the levy and sale.

After stating the election, qualification and induction of the defendant sheriff into office, the plaintiffs further allege in their complaint substantially as follows :

1. That the defendant sheriff executed a bond in the penal sum of five thousand dollars with the other defendants as sureties, with the following condition, to-wit:

" Now, therefore, if he shall well and truly execute and due return make, of all process and precepts to him directed, and pay out and satisfy all fees and sums of money by him received or levied by virtue of any process, into the proper office into which the same by the tenor thereof ought to be paid, or to the person or persons to whom the same shall be due, his, or her, or their executors, administrators, attorneys, or agents, and in all things will truly and faithfully execute the said office of sheriff during his continuance therein, then this obligation to be void, otherwise to remain in full force and effect."

(Signed and sealed by the sheriff and sureties.)

2. That the plaintiffs Ira J. Scott and Joseph L. Burton were doing business as partners, under the firm name of "Scott & Burton."

3. That on the 29th of January, 1885, Scott & Burton made an assignment to their co-plaintiff, J. W. Grisham.

4. That thereafter, to-wit, on the 5th of March, 1885, Brown & Roddick obtained judgment against Scott & Burton, and caused execution to be issued thereon and placed in the hands of the sheriff, who levied upon and sold the said goods thereunder.

5. That, after said assignment, and prior to said sale, each of the plaintiffs, Scott and Burton, with the consent of the other, claimed his personal property exemption, but the sale was made without laying off the same.

The plaintiffs demand judgment for five thousand dollars, to be discharged upon the payment of damages, and for general relief.

The defendants alleged, among other things, that Scott & Burton had themselves retained of their personal property, more

than sufficient to cover their personal property exemption at the time of making said assignment and sale.

The case coming on to be heard, the defendants moved to dismiss the action, upon the ground that the complaint does not state facts sufficient to constitute a cause of action against the sheriff and his sureties, in that no breach of the conditions of the bond is shown, and, upon argument of the matters of law arising, the Court overruled the motion and the defendants excepted.

The defendants then moved for a continuance, on account of the absence of certain witnesses, by whom they expected to prove that the plaintiffs Scott & Burton, at the time of said sale, had themselves retained property sufficient to cover their personal property exemption, but the Court ruled that the evidence was immaterial and incompetent, and the defendants excepted; thereupon the trial proceeded and resulted in a verdict and judgment for the plaintiffs, and the defendants excepted and appealed.

*Mr. W. R. Allen,* for the plaintiffs.

*Messrs. H. R. Kornegay* and *John Devereux, Jr.,* for the defendants.

SMITH, C. J. (after stating the facts). I. The motion to dismiss for the alleged defects in the complaint, was properly overruled. It avers a distinct breach of official duty, in refusing to set apart the personal property exemptions to each, and upon his demand and consent that the other partner might have his also allotted out of the partnership property, when there was none other, exceeding one hundred dollars in value, out of which an allotment could have been made. Instead of recognizing and giving effect to this constitutional right of the judgment debtor, secured to him also by statutory regulation, the sheriff sold all the property levied on, and applied the proceeds to the execution in his hands. These allegations show a breach of official duty, followed by damage to the debtor, which admits of redress by action.

II. The second exception, based upon the proposition that the exemption could not be taken out of partnership effects, while there were partnership liabilities outstanding and unprovided for, is equally untenable. The contrary has been expressly decided in *Burns* v. *Harris*, 67 N. C., 140, where a doubt entertained at the hearing of the appeal in the same cause at the preceding term, is resolved, and the law thus explicitly laid down by Reade, J.: "One of two partners cannot have a portion of the partnership effects set apart to him, as his personal property exemption, without the consent of the other partner or partners. But if the other partner or partners *consent, this may be done.* The creditors of the firm cannot object, because they no more have a lien upon the partnership effects, than creditors of an individual have upon his effects. In our case, the partners did assent." We are asked, however, to reverse this ruling, as at variance with rulings in many other States, and as resting upon unsound reason. The cases referred to and discussed in a recent work, Thompson on Homesteads, §194, et seq., are *Pond* v. *Kemball,* 101 Mass., 105; *Yuptel* v. *McFie,* 9 Kans., 30; *Gaylord* v. *Inhoff,* 26 Ohio St., 317; *Russell* v. *Lennon,* 39 Wisc., 570; *Bonsall* v. *Conely,* 44 Penn. St., 447, and several cases arising under the bankrupt law, decided in the Federal Courts.

The author also cites cases in harmony with ours, and prefaces the introduction of this branch of the general subject of his treatise, with these words:

"Do the same principles apply, when a single partner claims exemption out of partnership effects, or when a partnership firm claims out of such assets, the exemption allowed to a single debtor? If the question were *res integra* we should feel no doubt it ought to be answered in the affirmative,"—assigning his reasons therefor.

The rule prevailing here, is fully vindicated, the author thinks, in the able opinion of Porter, J., delivered in the case of *Stewart* v. *Brown,* 37 N. Y., 350, largely quoted in the work. We should be reluctant to overrule a decision made nearly sixteen

years since, if the reasoning by which the result is reached was not entirely satisfactory to us; for considerations of the highest moment, demand that the Court adhere to its adjudications deliberately made, and to preserve confidence in the stability of the law, as declared, preserved, and to depart only when the decision is clearly wrong, and calculated to lead to mischievous consequences unless corrected. But the ruling now controverted, upon the basis of adverse adjudications elsewhere, commends itself to our approval, as both sound in principle, and in harmony with the law relating to partnerships, as declared in other cases. The general subject has been so recently considered, and the authorities examined in *Allen* v. *Grissom*, 90 N. C., 90, as to render further discussion needless. The separate partners have a right, in order to their own exoneration, to have the joint property applied to the joint debts, and in its exercise the joint creditors reap the benefits, but no such equity resides in the creditors, as such, to have their demands first satisfied. When the partner refuses to avail himself of this equitable right, and consents to an appropriation of the common property to the personal and separate use of one of them, the result is the same as if there were no joint liabilities, and each had a perfect right to his own share.

Putting the partnership creditors out of the way, there can be no legal obstacle to what is in effect an actual partition between them of so much as each receives as his exemption. Why should it not be so? The joint creditors have no more right to shift the burden from the joint, and put it upon the separate property, to the injury of the individual creditor, than he has to do the reverse and put the burden upon the joint property, to the injury of the former. Upon principle, then, we uphold and abide by the ruling heretofore made, as resting upon sound reason.

It is further maintained that the refusal to set apart the exempt articles, is an omission not embraced in the condition of the bonds in suit.

The laying off the demanded articles, is a positive act enjoined upon the appraisers, whom the Sheriff *must summon* in order

that this may be done, and this official duty is directly connected with his execution of the process. Moreover, the statute expressly declares, that " any officer making a levy, who shall refuse or neglect to summon and qualify appraisers, as heretofore provided, or who shall fail to make due return of their proceedings, or who shall levy upon the homestead, set off by said appraisers or assessors, shall be liable to indictment for a misdemeanor, and he and his sureties shall be liable to the owner of said homestead for all costs and damages in a civil action." The Code §516.

While the action is specifically given to the owner of the homestead by name, in the concluding clause, the preceding part of the section, extends it to all cases before provided for, and as well to the claimant of exempt personal, as the claimant of exempt real estate.

The condition of the bond is, that the officer "shall well and truly execute and due return make, of all process and precepts to him directed," and the appointment of appraisers to set apart the exemption, is a duty connected with, and inseparable from, the execution of the process, and thus is embraced in the terms of the condition. If it were not specially mentioned, the present case might come within the general clause, that the officer " will truly and faithfully execute the said office of Sheriff, during his continuance therein," for the conduct complained of, is within the scope and purpose for which the bond is given, and properly finds its place among the specifications it contains.

The ruling in *Crumpler* v. *The Governor*, 1 Dev., 52, is not repugnant to a construction of the concluding words of the condition, which extends them so far as to embrace the present official misconduct, for it is in the range of the duties specified. In that case, four bonds had been given by the sheriff, as three are now required, The Code, §2873, each intended to secure the performance of distinct specified duties imposed upon the officer, and the decision is, that such general words do not run over the bond, and take in duties provided for in another and different bond, but are confined to such as partake of the nature of those speci-

fically mentioned in each. This interpretation is correct, for otherwise the penalty to secure one set of duties, might be absorbed in covering delinquencies in others. For instance, the process bond might be exhausted in recovering taxes, when the tax bond proved to be insufficient, and so might the latter, when the defaults in executing process overflowed the limits of its penalty, and thus take away, or diminish, the security for the collecting and accounting for public taxes. The bonds are, therefore,· regarded as intended to be distinct and separate securities, for different classes of official responsibility, and the one not to interfere with the others. The same doctrine is maintained in *Eaton* v. *Kelly*, 72 N. C., 110, wherein it is said, "it may now be considered settled, that they, (such general words), relate only to the true and faithful performance of the sheriff in the matters above separately mentioned."

Again it is argued, that the reason assigned for the refusal to continue, that is, that the testimony denied, would not be a defence to the action, is an error in law, entitling the appellant to a new trial.

We do not mean to admit that an insufficient reason given for requiring the trial to proceed, and denying the motion to continue, subjects the action of the Court in a matter of discretion to review in the appellate Court, but we concur with the Judge that such proof could not defeat the action. It is immaterial how much, or what other personal estate, the debtor possessed, the statute gives him the right, when his property is seized under execution, to select such, not exceeding the limits in value, as he may prefer to retain as exempt, a right reasonable in itself, and in no way prejudicial to the creditor, since all not exempt is exposed to his demand. The Code, §507. And this preference extends alike to joint and several property, under the conditions before mentioned. The exceptions we have considered are all that appear in the record, and we pass upon none others.

There is no error, and the judgment is affirmed.

No error.                                      Affirmed.