J. C. STOUT v. J. S. McNEILL, H. H. SLOCOMB and NEILL
McQUEEN.

*Contract—Injunction—Partnership—Officers—Exemptions.*

1. A public ministerial officer—here a sheriff—should not be made a party
   to an action for an injunction to restrain the enforcement of a judg-
   ment of a Court or the performance of any act as public agent,
   unless he has a personal interest in the subject of the action.

2. A member of a partnership has a right to require partnership effects
   to be first applied to the satisfaction of the partnership indebtedness.

3. One partner is not entitled to have his personal property exemption
   allotted from the partnership effects without the consent of his co-
   partners.

4. Such consent does not constitute a contract between the partners, and
   it may be withdrawn at any time before the allotment is made.

(*Edney* v. *King,* 4 Ired. Eq., 465; *Lackay* v. *Curtis,* 6 Ired. Eq., 199;
   *McLane* v. *Manning,* Winston Eq., 59; *Allen* v. *Grissom,* 90 N. C.,
   90; *Burns* v. *Harris,* 67 N. C., 140; *Scott* v. *Kenan,* 94 N. C., 296;
   *Jones* v. *Boyd,* 80 N. C., 258; cited and approved.)

CIVIL ACTION, tried before *MacRae, Judge,* at Chambers, in CUMBERLAND county, on the 18th day of June, 1887.

The purpose of the present action is to have allotted to the plaintiff, (who with the defendant J. S. McNeill, had formed a copartnership, and conducted a mercantile business in the name of McNeill & Stout, until they became insolvent,) a personal property exemption out of the goods of the firm, and to restrain the sheriff, Neill McQueen, also a defendant, from proceeding to sell under an execution issued upon a judgment for a firm debt, by a justice of the peace, under which the goods had been seized, and were in his possession. The claim to this remedy rests upon an alleged consent of both partners, given to the sheriff, after he had made the levy, and which, when the appraisers were making out, or were about to make, an inventory of the joint effects, was withdrawn by the partner McNeill, who directed the officer to permit no exemptions for himself or his associate, and to proceed under the execution, sell the goods, and appropriate the proceeds as far as necessary to the discharge of the debt so recovered by the defendant Slocomb, and in amount a little over one hundred dollars. On June 7th (two days after the rendition of the first judgment), one A. Moore obtained judgment also against the firm, and sued out and delivered an execution therefor to the sheriff, with similar directions from the debtor for its prior payment out of the firm assets in his hands when they should be sold.

A preliminary application was made to the Judge at Chambers for a temporary restraining order, which, upon notice, was heard upon a series of affidavits offered by the contesting parties, and upon his finding of facts, was denied, with a further order appointing the said sheriff receiver, to take charge of such assets of the firm as remain, after satisfying the executions in his hands, which had been levied before June, 1880, the day on which the summons in the present suit was issued, and authorizing and requiring him

STOUT, *v.* MCNEILL.

to collect such assets until further action be taken in the premises.

From the order denying the injunction and placing in the hands of the receiver so much only of the joint effects as were left after satisfying the executions, the plaintiff appealed.

*Mr. D. Rose,* for the plaintiff.
*Mr. Thomas H. Sutton,* for the defendants.

SMITH, C. J., (after stating the case). Before proceeding to the consideration of the imputed error in the ruling, we call attention to the fact that the sheriff is improperly made a party in the cause, when the remedy by an injunction is sought, for when it issues against the defendant, it requires him to countermand any authority given to agents in contravention of the order, and so refrain from using the public agencies through which he must proceed in doing the forbidden act. In *Edney* v. *King,* 4 Ired. Eq., 465, RUFFIN, C. J., uses this language, speaking of the introduction of the clerk and sheriff as parties defendant in the suit: "Those persons were most improperly made defendants, as they are merely ministers of the law, and have no interest whatever in the controversy. Upon notice of the injunction it would, it is true, have been a contempt in the sheriff to proceed on the execution, but to that purpose notice would have been sufficient."

This matter of practice has since been affirmed in *Lackay* v. *Curtis,* 6 Ired. Eq., 199, and in *McLane* v. *Manning,* Winston, 608.

The inquiry is, did what previously took place looking to an assignment to each of the debtors, with their consent, vest an irrevocable right in the plaintiff to have his exemption taken out of the partnership goods which had been levied on, and were in the sheriff's hands?

Now, it is plain that partnership effects ought to be first applied to partnership debts, and each partner has a right to require this to be done in his own exoneration, the separate interest of each being in the surplus left after the partnership liabilities have been discharged. The whole subject is considered and discussed in *Allen* v. *Grissom,* 90 N. C., 90, rendering its further consideration needless.

In consequence of the absence of any direct lien or equity to be asserted by the creditors themselves against the property of the partnership debtors, and that it must be worked out through the individual partners in self-exoneration, their interests being similar, it follows that if they so choose, they may divide the joint property, and each thereafter hold his share in severalty, leaving their joint debts unpaid. Upon this principle it was decided in *Burns* v. *Harris,* 67 N. C., 140, that while one of the several partners cannot, as of right, have his exemption out of the partnership effects to the prejudice of creditors, it may be done with the consent of all, and this ruling is followed in the late case of *Scott* v. *Kenan,* 94 N. C., 296.

The assent thus required must be positive and voluntary, remaining, at least, if terminable even then, until the allotment has been made, liable in the meantime to be recalled at the pleasure of any one of the members of the firm, and ceasing when so recalled. Indeed, the common effects, properly are applicable to the common liabilities, and their diversion to the personal advantage of the members when the creditors are unpaid, though legally capable of being done, is little short of, and may, as involving an intent to defraud, be carried so far as to amount to a remedial wrong. But however this may be, it is certainly in the power of any partner upon whom the wrong is consummated, to withdraw his consent and demand that the creditors be first paid, and such is the present case.

It was suggested in the argument for the appellant, that the giving the consent of each to an appropriation of the effects to the other as a personal property exemption, amounts to a contract between them by which each is bound. We do not so understand the case, and the validity of such an agreement, if made, may well admit of question, as an attempt to withdraw property seized under execution and subject to the lien resulting from the levy, to the injury of the creditor.

But here it is an assent given to the sheriff, and before he has acted upon it, recalled, and he required to proceed under the writ. It is true this is mutual, and the inducement to each may have been, and doubtless was, the advantage he was to receive to himself, but the assent is the several act of each given to the officer, and is a matter between them.

Why should there not be a reserved right to arrest the doing an act of injustice to the creditor, and the consummation of a meditated wrong? The facts do not show a contract, nor a consideration for a contract, between the partners, and only an assent to the proposed allotment, and not less revocable than it would be if it was limited to the plaintiff, and he alone was to have his exemption.

We have considered the case upon the findings of fact by the Court, because the case is thus presented to us by counsel, not intending to deny their right to have the evidence reviewed, and the facts ascertained *de novo*, had counsel so demanded; and further, we may add, that we do not see how, if we had passed upon the evidence, we could have arrived at conclusions different from those of the Judge. *Jones* v. *Boyd*, 80 N. C., 258, and other cases.

There is no error, and the judgment must be affirmed.

No error. Affirmed.