D. G. McMILLAN et al. v. C. T. WILLIAMS et al.

*Lien—Sale under Execution—Exemption—Burden of Proof— Evidence—Judgment.*

1. When it appears that a sale under execution, and by virtue of which a purchaser claims, was made upon a judgment rendered on a debt contracted since the Constitution of 1868 became operative, the burden is on the purchaser to show that the property so sold and purchased was liable to sale under execution.

2. A judgment to enforce a mechanic's lien upon specific property for its satisfaction, must contain a general description of such property, and an execution thereon must direct that such property shall first be sold to satisfy the judgment.

3. The judgment should also be identified as that brought within the period prescribed by the statute, *The Code*, § 1790.

4. In all cases of sales under such judgments and executions, the burden is on him who claims thereunder, to show the proper and necessary connection between the execution under which the sale is made and the judgment upon which it is based.

CIVIL ACTION for the possession of land, tried at September Term, 1891, of HARNETT Superior Court, before *Boykin, J.*

The plaintiff relied upon a Sheriff's deed for the land in dispute, and offered the record of a civil action before a Justice of the Peace in which the judgment was obtained, which was afterwards docketed in the Superior Court, and with it the execution issued thereon, levy and sale by virtue of which the Sheriff executed the deed. The claim declared upon before the Justice of the Peace was as follows:

" For labor done in November, December and January, in the years 1887 and 1888, to the amount of $128.82. The defendant appears in Court and confesses judgment, and the Court adjudges that the defendant pay to the plaintiff the sum of $128.82, and the further sum of all costs," etc.

The plaintiffs relied upon a laborer's lien to authorize the sale of the land, without alloting the homestead. The lien filed was in the following form:

### EXHIBIT H.

"The said McMillan Bros. file this lien against the said C. T. Williams and S. W. Parker in the office of the Clerk of the Superior Court of Harnett County, N. C., in and for said county. Said lien is for work and labor on the two houses of C. T. Williams and S. W. Parker, as per bill of particulars herewith filed; said houses—two in number— being situate in the County of Harnett, in the town of Dunn, in said County of Harnett. And upon the said two houses, where the said C. T. Williams and S. W. Parker now reside, in said town of Dunn, Harnett County, N. C., the said McMillan Bros claim their lien.

This the 6th day of June, 1888.

McMILLAN BROS., <em>Claimants."</em>

This was accompanied by a bill of particulars.

Judgment was rendered for defendants and plaintiffs appealed.

*Mr. A. Jones*, for plaintiffs.
*Mr. F. P. Jones*, for defendants.

Avery, J.: The record of a judgment, execution, levy and sale of a tract of land, as the property of a defendant in an action for possession, the Sheriff's deed to the plaintiff, or to one with whom the plaintiff connec's himself by *mesne* conveyances, together with evidence or admission of the identity of the land conveyed by the Sheriff with that declared for in the complaint, and of the actual possession of some portion of said land by the defendant, when the action was brought, will, nothing more appearing, constitute a *prima facie* proof of title in the plaintiff. *Mobley* v. *Griffin*, 104 N. C, 112. But where it is admitted, as in this case, that the sale under the execution was made to satisfy a debt contracted since the homestead provision of the Constitution became operative, and without assigning a homestead to the defendant in execution, when he did not hold one under a previous allotment, the burden of proof is shifted and the *onus* is on the plaintiff to show the liability of the land to be sold to satisfy the debt. *Mobley* v. *Griffin, supra; Long* v. *Walker*, 105 N. C., 90; *McCracken* v. *Adler*, 98 N. C., 400. The plaintiff in this case has taken up this burden and attempted to bring himself within the exception (contained in Art. X, § 4 of the Constitution, and provided for in ch. 41 of *The Code*), by showing that the sale was made to satisfy a subsisting mechanic's lien upon the land. He offered the record of the action before the Justice of the Peace, from which it appeared that the plaintiffs complained for "an account for labor done in November, December and January in the years 1887 and 1888, to the amount of $128.88." The judgment was entered on the judgment docket in the following form, after entitling the case: "Judgment by confession in J. P. Court of Harnett County on the 13th of July, 1888, in favor of plaintiff and against defendant for $128.82, and

the further sum of costs in this action. Docketed August 23, 1888, 10 A. M. J. P.'s costs, 80 cents; C. S. C's costs, $1.05."

On the 6th of June, 1888, the plaintiffs had filed a lien, the form of which we need not discuss, with an account for furnishing and putting tin on a roof, amounting to the sum of $137.82.

In *Boyle* v. *Robbins,* 71 N. C., 133, the Act of 1868-'69, ch. 144, § 9 (which has been brought forward and re-enacted in *The Code,* § 1791), was construed to require, at least by implication, that the Justice of the Peace should set forth in the judgment the date of the lien, and that it should also embody a general description of the property which the plaintiff seeks to subject to primary liability under it   If only personal property be bound by the lien the Justice must insert in his execution a requirement that the specific property, subject to the lien, shall be first sold before seizing other goods or chattels, while, if the property described in the notice be land, the Justice's judgment must be docketed in the Superior Court, and the Clerk must incorporate in the execution similar direction as to the order of selling. So that the judgment cannot be enforced in strict compliance with the law unless the officer, whose duty it is to issue execution, has gotten such information from the record in his Court as will satisfy him that some property, described with reasonable certainty, is subject to the lien and consequently to a primary liability for the debt. The most convenient method of recording the date of the lien and the description of the property bound by it, is to embody it in the judgment, which will constitute a part of the record in either Court, no matter which officer may find it necessary to insert the date and description in the execution. The case at bar illustrates the importance of adhering to this rule, for another reason. It is essential that the judgment should be identified as that brought within the period prescribed in

the statute (*The Code*, § 1790) to enforce the lien. The defendants, in the answers, deny that this judgment was rendered upon the account, filed as a lien, and, while some circumstances tend to show that the same claim was or may have been the subject, both of the lien and the action, we have no evidence sufficient to establish absolutely the identity of the two accounts. The burden being on the plaintiffs, to bring the judgment within the exception, under § 4, Art. 10 of the Constitution, before they can establish the validity of the sale of the defendant's homestead, we think that in failing to connect the judgment and execution with the lien filed, they have failed to adduce testimony that is essential to show their title.

The words inserted in the execution after the words "you are commanded to satisfy said judgment," and before the words "out of the personal property of the defendant within your county, to-wit, by first selling the right, title and interest which the said owners had in the property at the time of filing their lien and *next*," do not answer the purpose of connecting the lien with the judgment. If it were true that the plaintiffs recovered two judgments against the defendants for sums nearly the same as that claimed in the lien, neither being for an identical amount, he might issue on either, selecting that one not secured by some other means than the lien.

The land sold has been allotted to the defendant S. W. Parker as his homestead, and, though the deed for it may have been executed to the firm of Parker & Williams (composed of the defendant C. T. Williams and himself), he might lawfully have it assigned out of partnership property with the assent of Williams. *Scott* v. *Kenan*, 94 N. C., 296; *Burns* v. *Harris*, 67 N. C., 140; *Stout* v. *McNeill*, 98 N. C., 1.

The right to lay off the exemption of either out of the fund or joint property by consent of the other partner, cannot be questioned by a creditor. *Scott* v. *Kenan, supra.* While a

partner cannot, as a right, demand that his homestead shall be allotted out of the partnership lands, yet, if all of the other partners give their assent up to the time of allotment, a creditor cannot attack the validity of the proceeding and subject the land assigned to the satisfaction of a judgment in his favor.    Though the defendants filed separate answers, there is nothing inconsistent in the answer of Williams with the claim set up on the part of the defendant Parker to the land as an allotted homestead, and we must assume, if his allegation be true, that the former assented to the assignments made and now acquiesces in its consequences.    In a controversy between partners, or their assignees, the assent must appear to have been positive and voluntary, but even a partner cannot withdraw such assent after the allotment. *Stout* v. *McNeill, supra.*

Affirmed.