J. E. RICHARDSON and wife v. E. M. REDD, Administrator of
A. J..BOYD, et al.

*Partners—Right to Exemption—Consent of Copartner—
Consent of Administrator of Deceased Partner—Married Woman—Estoppel.*

1. One partner is not entitled to his exemption from an execution
on a judgment against the partnership without the consent
of his copartners.

2. Surviving partners are not entitled to exemption from execu-
tion on a judgment against the partnership without the con-
sent of the administrator of a deceased partner.

3. Where a married woman, not a free trader, contributed largely
to the capital of a firm, and was dealt with by the partners
as a copartner, they are estopped from setting up that, being
a married woman, and not a free trader, she was incapable
of contracting as a partner, in order to assert a right to
exemptions in partnership property without her consent.

CIVIL ACTION, tried before *Norwood, J.*, at January
Term, 1896, of ROCKINGHAM Superior Court. The action
was brought for the purpose of having a receiver appointed
for the Boyd Manufacturing Company, (a partnership com-
posed—before its dissolution by the death of A. J. Boyd—
of A. J. Boyd, S. H. Boyd, G. D. Boyd, and Mrs T. A.
Richardson,) and to restrain the execution sale of
partnership property by the defendant Bank of Reids-
ville, on a judgment rendered in 1894. The defendant
Redd is administrator of A. J. Boyd, deceased. A
receiver was appointed, a reference made to ascertain the
indebtedness, priorities, &c., and from a judgment con-
firming the report of the referee, the defendants, G. D.
Boyd and S. H. Boyd, appealed. The facts essential to an
understanding of the decision of the Court are stated in the
opinion of Associate Justice FURCHES.

*Messrs. Johnston & Johnston* and *H. R. Scott*, for the plaintiffs.

*Mr. A. J. Burton*, for defendants (appellants).

FURCHES, J.:   A. J. Boyd, S. H. Boyd, G. D. Boyd and Mrs. T. A. Richardson were the individual members composing the partnership of the Boyd Manufacturing Company.   A. J. Boyd is dead and the partnership is insolvent. The Bank of Reidsville has recovered a judgment against the concern for a partnership debt, sued out execution, and is trying to enforce its collection by a sale of the partnership property.   S. H. Boyd and G. D. Boyd each claim their personal property exemptions out of the partnership effects, and have each assented to the other's doing so.   But Mrs. Richardson and the administrator of the deceased partner object, and the question is, Can S. H. Boyd and G. D. Boyd take their personal property exemptions out of the partnership effects, against the consent of Mrs. Richardson and the administrator Redd ?   It has been repeatedly held by this Court that one partner is not entitled to this exemption without the consent of his copartners. *Stout* v. *McNeill*, 98 N. C., 1; *Scott* v. *Kenan*, 94 N. C., 296; *Burns* v. *Harris*, 67 N. C., 140.   These authorities dispose of the case, unless there is some reason for distinguishing it from the cases cited.   This the defendants S. H. and G. D. Boyd undertake to do by saying that A. J. Boyd is dead and cannot claim his exemption, nor can he give his assent to their doing so; and that Mrs. Richardson is a married woman now, and at the time of the formation of this partnership, and was not and is not a free trader, that on account of this disability she was not then and is not now capable of contracting; that this being so, her individual estate needs no protection against the creditors of the partnership; that in fact she is not a

partner and never has been; although she put $5,000 in
the concern, and was considered and treated as a partner.

It does not become necessary that we should determine
the relation of Mrs. Richardson to this concern, further
than to say that it appears from the case that she put five
thousand dollars into the partnership, and must have some
interest, and it hardly lies in the mouths of those who
have dealt with her, as a partner, to set up her coverture
for their benefit. We have discussed Mrs. Richardson's
relation, more than was necessary, for the purpose of
showing that the reasoning of defendants, as to why she
need not object, that she needs no protection for her indi-
vidual estate against the creditors of the firm, does not
apply to the estate of A. J. Boyd. And when it comes to
a consideration of his interest, it is contended that his
estate cannot be protected because he is dead, and can
neither object nor assent. This is a right ingenious way
of working the thing out. But it would be " to stick in the
bark " and to abandon the principle upon which the rule
has been established, to sustain the contention of these
defendants : that although the partnership was dissolved
by the death of A. J. Boyd, still his estate—his adminis-
trator—has the same interest in its effects, and is under
the same obligation to its creditors, that A. J. Boyd was
when living. And if the rule was founded upon the prin-
ciple of equitable lien that a partner has in the partner-
ship effects, as is stated in *Stout* v. *McNeill, supra*, the
estate—the administrator of A. J. Boyd—is as much inter-
ested in having the partnership assets applied to the satis-
faction of the partnership debts as A. J. Boyd would be
if living. So, it is plain to see that the reason of the thing
is against the claim of these defendants.

But if we should not be governed by the reason and
spirit of the law, as we think we should, but conclude to

" stick in the bark " and be governed by the letter of the law, we find these defendants in no better condition. The rule is that they are not entitled to this exemption " without the consent of the other partner or partners," and it is certain that A. J. Boyd has not given his consent to the allowance of these exemptions. The defendants, S. H. Boyd and G. D. Boyd are not entitled to the exemptions claimed, and there is no error.

No Error.    Affirmed.