In re STEVENSON et al.

(District Court. E. D. North Carolina. April 22, 1899.)

1. BANKRUPTCY—EXEMPTIONS—FOLLOWING STATE DECISIONS.

On the question of the right of the individual members of a bankrupt firm to have set apart to them, out of the partnership assets, the exemptions allowed by the law of the state, the federal courts, sitting in bankruptcy, will follow the rule established by the decisions of the highest court of the state.

2. SAME—PARTNERSHIP ASSETS.

In North Carolina, in case of the bankruptcy of a partnership, where there are firm assets but no individual estate, each partner is entitled to receive, out of the partnership assets, the exemption allowed by the law of the state, provided the other partner consents thereto; and the fact that the petition in bankruptcy is signed by both partners is conclusive evidence of such consent mutually given.

In Bankruptcy. In the voluntary bankruptcy of the firm of Stevenson & King, each of the partners claimed to have set apart to him, out of the partnership assets (there being no individual assets), the personal property exemption allowed by Const. N. C. art. 10, § 1. The referee in bankruptcy, on a hearing, decided in favor of the claim of the bankrupts, and, on exceptions by certain creditors, this decision was certified to the court for review.

J. H. Pou, for bankrupts.
R. C. Strong, for creditors.

PURNELL, District Judge. The bankrupts were partners and had no personal property, except a stock of goods owned by the partnership firm. The only question contested and argued was whether both partners are entitled to the personal property exemptions out of the

firm assets. The act of congress of July 1, 1898, entitled an "Act to establish a uniform system of bankruptcy" (section 6), provides:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months, or the greater portion thereof, immediately preceding the filing of the petition."

In addition to the general rule that federal courts will follow the decisions of the highest court of the state in construing their own statutes, this section makes it obligatory on the court of bankruptcy to follow such decisions in regard to exemptions. It contemplates that the bankruptcy law shall not affect the exemptions as allowed under the state law and construed by the courts of the state. Hence the state decisions are paramount in cases like the one at bar. The constitution of North Carolina (section 1, art. 10) provides:

"The personal property of any resident of this state, to the value of five hundred dollars, to be selected by such resident, shall be, and is hereby exempted from sale under execution, or other final process of any court, issued for the collection of any debt."

This section of the constitution has been frequently before the supreme court of the state, and it seems to be the settled law of the state that partners having no other property than the firm assets each is entitled to the personal property exemptions out of such property, provided the other partner or partners consent. State v. Kenan, 94 N. C. 296; Burns v. Harris, 67 N. C. 140. In the first case cited it was urged upon the court to reverse this ruling, as in variance with the decisions of many other states; but the court, after discussing the decisions of other states, adhered to the former ruling, and it seems to be the settled law in North Carolina.

The petition in bankruptcy, signed by both the partners, is written evidence under oath of a consent previously given, if it is not a consent per se, that each partner shall have the personal property exemptions allowed by the constitution and laws of North Carolina, as construed by the supreme court. A denial of the personal property exemptions, where there is even doubt about the consent, is upon the ground that each has the right to have his separate estate exonerated from debt as far as possible by the partnership assets, not because of any lien or legal right inherent in a creditor. In bankruptcy, the discharge exonerates the estates of each partner, if the petition is joint and several. Whether the consent, therefore, would be of as much importance in bankruptcy as in a proceeding in a state court, may be doubted; but the law as decided by the supreme court is as stated above, and the bankruptcy court must abide thereby, not because it should be, but because it is, so. The decisions cited to the contrary do not apply, for one at least makes an exception where the forfeiture is by bankruptcy, and the law of 1898 expressly provides that the exemption shall not be affected. I must therefore hold that this is conclusive evidence of a consent, and that both partners are entitled to the personal property exemptions out of the firm assets. The decision of the referee herein is affirmed.