In re GRIMES et al.

(District Court, W. D. North Carolina. May 30, 1899.)

1. BANKRUPTCY—EXEMPTIONS—PARTNERSHIP ASSETS.
    In North Carolina, in case of the bankruptcy of a partnership, each partner is entitled to receive, out of the partnership assets, the exemption allowed by the law of the state, provided the other partner consents thereto.

2. SAME.
    A partner having an equal interest with his co-partner in the firm property is entitled to claim his statutory exemption therefrom in case of the bankruptcy of the firm, although the amount contributed by him to the capital of the firm was less than the amount of such exemption.

3. SAME—DOMICILE—BURDEN OF PROOF.
    Where a creditor opposes the claim of a bankrupt partner to exemptions out of the firm assets, on the ground that he was not domiciled within the state at the time the firm's petition in bankruptcy was filed, and it is shown that he was at one time domiciled in such state, the burden of proof is on the creditor to show a change of domicile.

In Bankruptcy. On review of ruling of referee.

Glenn & Manley, for bankrupt.
L. M. Swink, for creditors.

EWART, District Judge. I concur with the referee in the conclusion that the partners constituting the firm of Grimes Bros. are entitled to their exemptions out of the partnership assets. In Burns v. Harris, 67 N. C. 140, Mr. Justice Reade says:

"One of two or more partners cannot have a portion of the partnership effects set apart to him, as his personal property exemption, without the consent of the other partner or partners, because the property is not his. But, if the other partner or partners consent, it may be done. The creditors of the firm cannot object, because they no more have a lien on the partnership effects for their debts than creditors of an individual have upon his effects."

In the case before the referee, the consent of both partners in their claim for exemption out of the partnership assets was filed.

It was further insisted before the referee that T. W. Grimes had no such interest in the partnership property which amounted to as much as his exemption. From the evidence taken in the case it appears that he contributed $200 to the capital stock of the company, and that he was to receive a salary of $900, as against his partner's capital. This made him an equal partner, and the finding of the referee that he was entitled to the exemption claimed, viz. $500, was correct, and is hereby approved. It could make no difference to creditors from what fund the exemption was given. Scott v. Kenan, 94 N. C. 296. In this connection I am not unmindful of the decision of Judge Newman of the Northern district of Georgia (In re Camp, 1 Nat. Bankr. News, 142, 91 Fed. 745), which apparently sustains the contention of counsel representing creditors of Grimes Bros. But, in the case referred to (In re Camp), the evidence failed to show that B. T. Camp, one of the partners, and the son of the other partner, H. A. Camp, had such an interest in the partnership assets as would authorize the allowance to him

of an exemption. But in this case T. W. Grimes appears to have been an equal partner with E. E. Grimes, and hence entitled to the exemptions claimed. Allen v. Grissom, 90 N. C. 90; McMillen v. Williams, 109 N. C. 256, 13 S. E. 764; Richardson v. Redd, 118 N. C. 678, 24 S. E. 420. The finding of the referee as to this exception is approved.

It was further insisted that E. E. Grimes was not entitled to the exemption claimed, as he was not a resident of this state when the petition in bankruptcy was filed by Grimes Bros. The burden of showing a change of domicile, when it becomes material to do so, "unquestionably lies on the party who asserts the change." 5 Am. & Eng. Enc. Law, 865. It is presumed that the residence of a person continues to be in the place where it is proved to have been until the contrary is shown. 17 Am. & Eng. Enc. Law, 76; Fulton v. Roberts, 113 N. C. 428, 18 S. E. 510; Chitty v. Chitty, 118 N. C. 648, 24 S. E. 517. The term "domicile," used in the bankruptcy act of 1898, is a broader term than the term "residence." From the evidence it appears that E. E. Grimes was born and raised in this state; that he at one time lived and voted in Winston, and paid taxes there; that he has never voted in any other state, and is now a traveling salesman for a Winston tobacco house. There is certainly no evidence that he ever acquired a residence outside of North Carolina. The finding of the referee as to this exception is approved.