GEORGE L. FARMER ET AL. v. J. FULTON HEAD, ASSIGNEE OF
MATTHEWS ET AL.

(Filed 3 April, 1918.)

**Partnership — Individual Liability — Insolvency — Exemptions — Consent—
Creditors—Exoneration.**

Each member of a partnership is individually liable for partnership debts, with the right to have the firm's assets applied thereto in exoneration; and, in case of insolvency, neither member of the firm may claim

18—175

his personal property exemption therefrom, without the consent of the other; and this principle applies in exoneration of the retiring partner, and for the benefit of the firm's creditors, when the continuing partner has bought out the other upon condition that he shall assume the indebtedness and pay them out of the assets of the partnership.

CONTROVERSY WITHOUT ACTION heard by *Stacy, J.,* 5 January, 1918; from NEW HANOVER.

This is an action to determine the right of the defendant L. P. Matthews to a personal property exemption in certain property which formerly belonged to the partnership known as the Frost Ice Cream Company, which partnership was composed of the defendant L. P. Matthews and the plaintiff George L. Farmer.

On 2 April, 1917, the plaintiff Farmer sold his interest in the business and property of the partnership to the defendant Matthews, who, as a part of the contract of sale, assumed the payment of all the debts of the partnership and agreed to pay the same out of the said business.

After said sale, the said Matthews continued the business until 30 June, 1917, when he executed a deed of assignment to the defendant Head conveying to him the entire property, which was the same property owned by the partnership on 2 April, 1917, and reserving therein his personal property exemption.

All of the property and business has been sold by the assignee and the assets in his hand are insufficient to pay the debts of the partnership in existence on 2 April, 1917, and which are now due and owing.

The plaintiffs in the action are creditors of the old partnership, and Farmer a member of the old firm, and they contend that the defendant Matthews cannot have his personal property exemption until the debts of the old partnership are paid, without the consent of his former partner Farmer, who objects to the defendant having his exemption.

His Honor rendered judgment in favor of the plaintiff, denying the right of the defendant to his exemption, and the defendant excepted and appealed.

*Kenan & Wright for plaintiffs.*
*J. A. McNorton for Defendants.*

ALLEN, J. Prior to 2 April, 1917, the plaintiff Farmer and the defendant Matthews were partners, and as such each was liable for the debts of the firm.

Growing out of this liability, the Court says in *Allen v. Grissom,* 90 N. C., 92: "Each member of a partnership has a right to require the application of the joint effects to the joint debts, before any portion of them can be diverted to the individual debts of the separate partners,

and this is a means of personal exoneration. It is an equity possessed by each and grows out of their relations as partners, and the implied limitation upon the power of each to dispose of the common property in furtherance of the object of their association. But this equity does not extend to the creditors, as such, so as to create a lien, but they receive the benefits of the exercise of the right of the separate partners to require the appropriation and the exoneration is worked out in the payment of their debts." And in *Stout v. McNeill,* 98 N. C., 4: "It is plain that partnership effects ought to be first applied to partnership debts, and each partner has a right to require this to be done in his own exoneration, the separate interest of each being in the surplus left after the partnership liabilities have been discharged."

It is upon the same principle it has been held that one of several partners cannot have his property exemption out of the partnership assets without the consent of the other partners. *Burns v. Harris,* 67 N. C., 140; *Scott v. Kenan,* 94 N. C., 296.

This relationship and these rights of the parties existed on 2 April, 1917, when the plaintiff Farmer sold his interest in the partnership and in its property to the defendant Matthews, and as the right to have the partnership assets applied to the partnership debts rests on the common liability for the payment of the debts, and it is upon this ground that the right to invoke the equitable doctrine of exoneration depends, the right ought to continue as long as the liability exists unless the retiring partner has waived or abandoned his right.

It needs no citation of authority to show that the retiring partner continued liable to the creditors, and that there has been no abandonment of the right to exoneration clearly appears from the agreement, which was a part of the contract of the sale, to pay the debts of the old partnership, and out of the firm business.

"A partner who retires from a firm without selling his interest therein is entitled to his share of the firm's assets, including the profits realized from the business after the firm's dissolution. After an absolute sale of his interest, he becomes, as we have seen, a creditor of the purchaser, and the assets are available to the purchaser's creditors, the selling-out partner having no lien on the old firm assets. But if the sale is made subject to the partnership indebtedness, or upon terms from which the court can imply an understanding that the purchaser took the assets subject to a trust for the benefit of the retiring partner and the firm creditors, it is generally held that the retiring partner retains a lien by which the property can be secured for himself or unpaid firm creditors." 30 Cyc., 610.

It also appears, by fair intendment, that the partnership was insolvent on 2 April, 1917, because it is agreed that the assets in hand are the

proceeds of the firm property in existence on 2 April, and that they are insufficient to pay the debts of the old firm now due and owing, and when this condition of insolvency exists and one partner sells to another under an agreement to pay the debts, the retiring partner does not lose his right to have the partnership assets applied to the payment of the debts.

In *Darby v. Gilligan,* 33 W. Va., 246, it is held that where a firm is insolvent, if a partner sells out to his copartner, and the purchaser agrees to pay the firm debts, the sale cannot be considered bona fide, so as to cut off the equity of the firm creditors to be preferred; and to the same effect is *Oslon v. Morrison,* 29 Mich., 395. In the latter case Oslon and Jones were partners. Oslon sold out to Morrison, the consideration being that the vendee should pay the debts of the firm. It sufficiently appears that the firm was insolvent. The vendee neglected to comply with this agreement, and the creditors, joining with the vendor, brought suit to compel performance of the agreement and to subject the property to the payment of the partnership debts. *Held,* that the agreement to pay the debts as consideration for the transfer was a sufficient recognition of the equitable lien of the partnership creditors, tracing the same through the equity of the vendor, to enable them, joining with him, to enforce such equity.

The question is considered and discussed at length with numerous citations of authority in *Thayer v. Humphrey,* 51 A. S. R., 888 *et seq.,* and the Court sums up its conclusions on page 905 as follows, omitting those not applicable here:

"2. Partnership creditors have no lien, strictly so called, on partnership assets, but must work out their preferences over the creditors of the individual members of the partnership through the equities of such members.

"4. The word 'assets,' used in No. 1, is not confined to assets at law, but includes all assets applicable to the payment of the partnership debts, under the well defined principles for the administration of the affairs of insolvent partnerships under the direction of a court of equity.

"6. If a member of an insolvent firm sells out with the understanding that the business is to be continued with the same assets, and the purchaser or purchasers, as consideration for the sale, are to assume and pay the old debts, and the circumstances are such as to evidence the fact that the purpose of the transaction is to pay the old firm debts, and to wind up the old partnership concern by the payment of the debts of such concern out of the partnership assets and a continuation of the business, the court is warranted in concluding that the equity of the outgoing partner to have the assets of the firm applied to the payment of the firm debts is not changed, and that the right of the creditor to enforce it continues."

The facts in the record before us brings this case within these principles, as the partnership was insolvent at the time of the sale on 2 April, 1917, and there was an agreement on the part of the defendant Matthews to pay the partnership debts and out of the partnership business.

The case of *Richardson v. Redd,* 118 N. C., 677, is also almost directly in point, in which it was held that after the death of one partner, which had the effect of dissolving the partnership, that the surviving partner could not claim his personal property exemption without the consent of the administrator of the deceased partner, which could only be upon the ground that the liability of the estate of the deceased partner to pay the debts continued, and that the right to have the firm assets applied to the payment of the firm creditors and thereby exonerate the estate was coextensive with the liability.

We are therefore of opinion that the defendant is not entitled to his personal property exemption.

Affirmed.