### In re AURORA HARDWARE CO. et al.

### In re SPOT HARDWARE CO.

(District Court, E. D. North Carolina. March 12, 1923.)

1. Bankruptcy ⬤397—Individual partners may claim exemptions out of partnership property, where all partners consent.

Under Bankruptcy Act, §§ 6, 47a (11), (Comp. St. §§ 9590, 9631), and General Order No. XVII (89 Fed. viii, 32 C. C. A. viii), as to exemptions, where a partnership and individual partners were adjudged bankrupt, and in their individual schedules each of said bankrupts claimed their homestead and personal property exemptions as provided by Const. N. C. art. 10, and statutes, and each of the partners filed their written consent that any partner should have the privilege of claiming exemptions out of the partnership property, an order by the referee directing the bankruptcy trustee to set apart to each of said partners property from their individual estate to the value of their exemptions, and that if any of the partners had not sufficient property to give him such exemptions that the deficiency be made up by the trustee out of the partnership property, held proper, notwithstanding section 5 of Bankruptcy Act (Comp. St. § 9589), and although the exemptions might absorb the entire estate, individual and partnership.

2. Bankuptcy ⬤397—Where a partner objects, another partner not allowed exemptions out of partnership property.

Where a partnership and one partner were adjudged bankrupt, but two other partners were not, the bankrupt partner would not be allowed his exemptions under Const. N. C. art. 10, and statutes, where the other partners objected.

In Bankruptcy. In the matter of the Aurora Hardware Company, bankrupt, and the individual partners. Petition for review on exceptions filed by the trustee to attachment of exemptions, etc.; also in the matter of the Spot Hardware Company, bankrupt. Petition for review by W. A. Partin, bankrupt, on disallowance of claim for exemptions from partnership property. Ruling of referee in both cases affirmed.

Harry McMullan, of Washington, N. C., and W. L. Whitley, of Plymouth, N. C., for bankrupts.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Small, MacLean & Rodman, of Washington, N. C., and Z. V. Norman, of Plymouth, N. C., for trustee.

CONNOR, District Judge. [1] The certificate of the referee discloses the following facts:

John R. Boyd, W. G. Miller, Carl C. Watson, W. E. Watson, and F. J. Guilford were, prior to December 21, 1922, carrying on business as copartners under the firm name and style of the Aurora Hardware Company, on which date the partnership and the individual partners were adjudged bankrupts and a trustee duly elected and qualified. In their individual schedules each of said bankrupts claimed their homestead and personal property exemptions as provided by article 10 of the Constitution and the statutes of the state.

Each of the partners filed in writing their consent "that any and all of said partners shall have the privilege of claiming their personal property exemptions in the assets and personal property of said partnership," requesting the trustee to set apart and allot such exemptions to any of said partners claiming same in the partnership assets. The referee made an order directing the trustee to set apart to each of said partners property from their individual estate to the value of their exemptions, and, if any of the partners had not sufficient property to give him such exemptions, that the trustee set apart, from the partnership property, an amount sufficient to make up the deficiency to the full amount allowed him by law. To this order the trustee excepted, whereupon, as provided by General Order XVII, the referee certified the question to the court for final determination.

Bankruptcy Act, § 6 (Comp. St. § 9590), provides that:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

Section 47a (11), being Comp. St. § 9631, imposes upon the trustees the duty to "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment." General Order No. XVII (89 Fed. viii; 32 C. C. A. viii) directs the trustee "to set apart to the bankrupt his exemptions and make report as provided by section 47, within 20 days after receiving notice of his appointment, and giving to any creditor the right to except thereto within 20 days after filing the report. The referee is directed to have the exceptions argued before him and "certify them to the court for final determination at the request of either party." This section and order constitute the entire statutory provision found in the Bankruptcy Act (Comp. St. §§ 9585–9656) and General Orders relating to exemptions allowed to bankrupts.

Judge Purnell was called upon to deal with the question of the right of individual partners to claim exemptions out of partnership property. In re Stevenson (D. C.) 93 Fed. 789 (1899). The bankrupt claimed his exemption, and his copartner consented for him to have it allotted out of the partnership property. Upon exception by a creditor, Judge Purnell said that he was bound by the decisions of the

state court, citing Burns v. Harris, 67 N. C. 140, and Scott v. Kenan, 94 N. C. 296, holding that under the provisions of the state Constitution (article 10) the partner, with the consent of his copartner, was entitled to have his exemptions allotted out of the partnership property "and the bankruptcy court must abide thereby, not because it should be, but because it is, so." No appeal was taken, and the decision has been followed with the acquiescence of the bar. Judge Boyd, in the Western district, has taken and maintained the same course. In re Seabolt (D. C.) 113 Fed. 766. For other cases, see Collier on Bankruptcy (11th Ed.) 197. This has been the uniform course pursued by the court in the administration of bankrupts' estates by the District Court in this district.

The decisions of the state court, while uniformly adhered to, have not been free from dissent by many members of the bar. Following the adoption of the Constitution of 1868, the question came before the court in Burns v. Harris, 67 N. C. 140 (1872). Judge Reade, who had written for the court a majority of the opinions construing the homestead and personal property exemption provision (article 10), disposed of the question in a short opinion, in which he said:

"One of two or more partners cannot have a portion of the partnership effects set apart to him, as his personal property exemption, without the consent of the other partner or partners, because it is not his; but, if the other partners consent, then it may be done. The creditors of the firm cannot object, because they no more have a lien upon the partnership effects for their debts than creditors of an individual have upon his effects. In our case the partners did assent."

The question was next presented in Scott v. Kenan, 94 N. C. 296 (1886). Smith, C. J., after quoting the language of Judge Reade, says:

"We are asked, however, to reverse this ruling, as at variance with rulings in many other states, and as resting upon unsound reason"—citing a number of decisions from other states and from Thompson on Homesteads, § 194.

The learned Chief Justice concludes the discussion:

"We should be reluctant to overrule a decision, made nearly 16 years since, if the reasoning by which the result was reached was not entirely satisfactory to us. * * * But the ruling now controverted, upon the basis of adverse adjudications elsewhere, commends itself to our approval, as both sound in principle, and in harmony with the law relating to partnerships, as declared in other cases."

Counsel for the trustee, conceding the authority of the decided cases cited, contends that, by the provisions of Bankruptcy Act 1898, § 5 (Comp. St. § 9589), Congress adopted and incorporated into the statute for the first time in bankruptcy legislation the "Partnership Equity Doctrine," whereby the partnership, as a legal entity distinguished from the individual partners, was adjudged a bankrupt, and title to its property vested in the trustee, to be administered separately from the property of the individual partners applied to the partnership debts; that the property of each partner vested in his trustee, to be applied to his individual debts; that the acts of 1841 and 1867 did not recognize the partnership as a legal entity, but dealt with it as the

property of the individual partners; that the effect of changes in the law upon the adjudication of the partnership was to put its property beyond the control or power of the individual partner to direct its application; that, to a degree, the Bankruptcy Act treated and administered the partnership property as a quasi corporation over which the bankrupt stockholders have no control.

In Jennings v. Stannus & Son, 27 Am. Bankr. Rep. 384, 191 Fed. 347, 112 C. C. A. 91 (C. C. A. 9th Cir.), this contention is sustained in a well-considered opinion by District Judge Wolverton, in which he cites the decisions of other courts to the same effect. In Re Camp. (D. C.) 91 Fed. 745, Judge Newman examines the decided cases holding the differing views, and concludes that it was his duty to follow the law of Georgia as fixed by the decisions of the Supreme Court, allowing the exemption from the partnership property.

There is, in a number of the opinions of the federal court, indicated a thought that, if the question was of first impression, it would be decided adversely to the claim of the individual partner, but, as in this state, they have felt it their duty to accept the construction of the exemption laws by the state courts. In this case we find five partners, all claiming and all consenting to the allotment of each other's exemptions from the partnership property subject to the deduction of the value of the property scheduled by the individual partner. It is probable that, as in many other cases in this district, the exemptions will absorb the entire estate, individual and partnership.

The ruling of the referee must be affirmed.

### In re Spot Hardware Company.

[2] The question presented in this case comes up with the additional fact that the partners, other than the claimant of his exemptions, object to its allotment from the partnership property. It comes from the same referee. In this case W. A. Partin, one of the partners (the partnership and Partin having been adjudged bankrupt, the other two partners not being in bankruptcy), claimed his exemptions, to be allotted out of the partnership property; the other partners objecting, the referee disallowed Partin's claim, to which he excepted.

In Stout v. McNeill, 98 N. C. 1, 3 S. E. 915, Smith, C. J., said:

"It was decided in Burns v. Harris, 67 N. C. 140, that while one of the several partners cannot, as of right, have his exemption out of the partnership effects to the prejudice of creditors, it may be done with the consent of all, and this ruling is followed in the late case of Scott v. Kenan, 94 N. C. 296."

In Richardson v. Redd, 118 N. C. 677, 24 S. E. 420, Furches, J., says:

"It has been repeatedly held by this court that one partner is not entitled to this exemption [out of the partnership property] without the consent of his copartners."

This decision logically results from those in which it is held that, with such consent, one or more of the partners may have allotted from the partnership property his exemptions. The same principle which

controls the bankruptcy court in following the decision of the state court in the other case leads to an affirmance of the ruling of the referee in disallowing the claim of W. A. Partin.

I have incorporated both cases in one opinion, because the question is presented from both viewpoints.

The judgment of the referee is affirmed.