Daniel, J.
 

 It is a general rule ol law, that each partner is the accredited agent of the rest, whether they be active,
 
 *241
 
 dormant or nominal, and has authority as such to bind them, either by simple contracts respecting the goods or business of the firm, or negotiable instruments circulated in its behalf to any person dealing
 
 bona fide. Bond
 
 v
 
 Gibson,
 
 1 Camp. 185,
 
 Vere
 
 v Ashley, 10 Barn. & Cress. 296. Smith on Merc. Law, 19. Thus we see that the contract must be respecting the partnership business. Then both partners are authorized to treat for each other in every thing that concerns or properly belongs to the joint trade. On the other hand, when the transaction has no apparent relation to the partnership, then the presumption is the'other way; and the partnership will not be bound by' the act of one of the parties without special circumstance's. 2 Cox, 312. In a matter wholly unconnected with the partnership, one partner cannot bind the other.
 
 Sandiland
 
 v
 
 Marsh, 2
 
 Barn. & Ald. 673. One partner has no right to guarantee a separate transaction in the name oí the rest, unless they after-wards adopt and recognize his acts.
 
 Ex-parte Nolle,
 
 2 Glyn. & Jam. 306.
 
 Crawford
 
 v
 
 Sterling,
 
 4 Esp. 207.—
 
 Payne
 
 v
 
 Ives,
 
 3 Dow. & Ry. 664. Smith on Merc. Law, 23.
 
 Ex-parte Bonboners,
 
 8 Ves. 540. Martindale, the principal debtor to the plaintiff’s intestate for bricks sold, had no connexion with the firm of Carter and Lamb — his debt was in no sense of the word a partnership debt or a partnership transaction of the said firm. And Carter’s subsequent statement, so far from adopting or confirming the act of Lamb in the business, expressly repudiates it. The circumstance that Martindale had, before the date of this note, been a purchaser of goods at the store of the firm, cannot, we think, take this ease out of the general rule. This decision steers clear of the case of
 
 Cotten
 
 v
 
 Evans,
 
 1 Dev. & Bat. Eq. 284. In that case the court said, that a partnership security received from one of the partners
 
 simpliciter^
 
 in discharge of a separate claim against himself, is a badge of fraud, or such palpable negligence as amounts to fraud, which it would be incumbent on the party, who so took the security, to remove, by shewing, either that the partner from whom he received it acted under the authority of the rest, or at least that he himself had reason to believe so. In de
 
 *242
 
 ciding that cause, the majority of the court were of opinion that the evidence proved, that Van Bokkelin had good reason to believe, that William Ellison had the authority of the firm to draw the bill in the name of the firm. In the case now before us, there was no circumstance to warrant a belief in Blachtord, that Lamb had the authority of the defendant to sign the name of the firm as surety for Martin-dale. It was manifest from the form of this security, that it was a mere guaranty by the firm of a debt of another person, with which the firm had no connexion. It is not like the case of a note endorsed by a firm, and put into circulation and taken in the course of business; for in that there is au apparent benefit or interest in the partnership. We think that the judgment must be affirmed.
 

 Pjje. Curiam. Judgment affirmed.