Daniel, J.
 

 It is a general rule in law, that partners are all liable for articles purchased for the benefit of the parnership, though the vendor did not know of the existence of the
 
 *129
 
 parnership, and supposed himself dealing with an individual partner^ to whom he gave credit by charging him alone in his books. And, if a special contract should be made by the vendor and such partner, the partnership would not be discharged from liability, unless it appeared that the vendor had taken such individual partner for his debtor, knowing that there were other partners
 
 Reynolds
 
 v
 
 Cleveland,
 
 4 Cowen 282. But the authority, which one partner has to bind the firm in contracts relating to the partnership, is an implied authority, (Collyer 212,) and the other partners-may prove a disclaimer of the alleged contract, and that they gave notice to the vendor that they would not be answerable. Collyer 450. Where the creditor knows there is a partnership, and has express notice of a private arrangement be-twen the partners, by which either the power of -one partner to bind the firm, or his liability in respect of partnership contracts, is qualified or defeated, in such case it is clear, that the creditor himself must be bound by the ai-rangement between the partners. Collyer 214.
 
 Ensign
 
 v
 
 Ward,
 
 1 Johns. Cas. 171.
 
 Boardman
 
 v
 
 Gore,
 
 15 Mass, R. 339.
 
 Bailey
 
 v
 
 Clark,
 
 6 Pick. R. 372. In June, 1836, Clark told the plaintiff that there was no connection, amount
 
 ing to a partnership,
 
 between him and Mead — that every thing was in
 
 his
 
 name ; that if he, Clark, bought for the
 
 concern,
 
 he made himself individually liable, and, if Mead bought any thing, he did the same. From this conversation, the plaintiff must have understood Clark to mean, that Mead had no interest in the “concern” as a partner. Clark, it is true, then informed him oí the arrangement between Mead and himself as to any purchases which either of them- should make ; which arrangement the plaintiff approved. What kind of connection between two men would, in Clark’s estimation, make them partners in law, we are unable to say. He might have supposed that the contract
 
 inter se,
 
 that one should not be liable for the purchases of the other, prevented them in law from being partners. If that was his understanding, he was mistaken. The agreement between- them, that they should share in the profits of the mills,, if any
 
 *130
 
 should be made, constituted them partners pas to the rest of world. 1 The plaintiff, with the information which he had received from Clark, must have concluded that there tv,ag no partnership, and therefore that the creditors of Mead would have a right, at all times and in all events, to look to the property which he was then purchasing, in satisfaction oí their debts: whereas the fact was, that the said property was transferred immediately into the firm, and the separate creditors of Mead could not reach it, until the partnership creditors
 
 wereall
 
 satisfied;at least thisisso in equity. If Clark had informed the plaintiff, that Mead and he were partners, and at the same time had given him notice, not to trust Mead on the credit of the firm, the plaintiff could not have recovered. But Clark did not do so; what he said amounted to a denial of a partnership. The plaintiff said that he understood the arrangement between Mead and Clark, and approved of it. What did he understand and approve
 
 1
 
 Why, that Mead was not a partner with Clark, and that, if he purchased any thing for the “ concern,” (viz. the Mills), he did it on his individual credit. The plaintiff might well approve of Clark’s caution, in restraining a man who had
 
 l‘no interest amounting to a partnership,” from
 
 purchasing articles to charge him, who represented himself as the entire owner of the mills. It seems to us, therefore, that this case is within the rule of a firm being liable, where a vendor, not knowing of the firm, sells to a partner articles, which come to the use of the firm.
 

 Per Cukiam, Judgment affirmed.