Radcliffe & Lamb *vs.* Varner & Ellington.

---

RADCLIFFE & LAMB, plaintiffs in error, *vs.* VARNER & ELLINGTON, defendants in error.

1. If articles of partnership between three persons expressly deny to one partner power to purchase without the written consent of the other two, sales made to the one, for use of the partnership, without such consent, by persons having full notice of the stipulation, will be held to be made on the individual credit of the partner, and not on the credit of the firm.

2. In like manner, a stipulation in the partnership articles that the farm produce of the partnership business is all to be sent to certain factors and held

till sold by consent of all the partners, will affect whoever has notice of the same; and a sale by one partner in violation of the stipulation, will pass to a purchaser having such notice, no title as against the partnership.

3. Proceeds of partnership property realized by the plaintiffs by a wrongful sale by them of such property, are not the subject of set-off in favor of some of the partners in a suit at law against them only, without bringing in the other partner as a party and alleging all the equitable facts requisite to entitle the defendants to the relief they claim.

4. Creditors having in their hands partnership effects which they claim as their own by purchase from one of the partners, are not bound, as matter of contract, by a promise made to the other partners, to sell such effects and apply the proceeds to the debt, if they retract the promise shortly after making it, before it has been acted upon, and before reliance upon it has caused injury.

Partnership.    Set-off.    Debtor and creditor.    Contracts. Before Judge JAMES JOHNSON.    Muscogee Superior Court. November Term, 1874.

Reported in the opinion.

BLANDFORD & GARRARD; J. M. RUSSELL, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

BLECKLEY, Judge.

Three persons, two acting as a firm already in existence, and one uniting with them in the new partnership, entered into written articles for carrying on certain farming operations for the year 1873.    One of the written stipulations was, that no debt was to be made for supplies or other thing without the written consent of the old firm.    Another of the written stipulations was, that all the cotton produced, not required to pay rent, was to be forwarded to certain named factors, and be sold at such time and in such manner as should be agreed upon by the parties.    The profits of the adventure were to be divided between the old firm and the new partner, share and share alike.    All necessary provisions were to be supplied by the old firm.

The plaintiffs below, defendants in error here, were mer-

Radcliffe & Lamb *vs.* Varner & Ellington.

chants in the neighborhood of the farms, and certain supplies were sold by them prior to September, 1873, for use on the farms, the purchases being made with proper authority. The price of some of these was covered by the acceptance sued upon in the present action, which acceptance is a bill drawn by the new partner on the old firm in favor of the plaintiffs, and is undisputed. The plaintiffs were warned by the old firm in August, 1873, not to sell to the new partner any more supplies on a credit, and the old firm never consented, by writing or otherwise, to any further sale. There was evidence going to show that plaintiffs knew of the stipulations, before recited, contained in the partnership articles, and other evidence on the same subject was ruled out by the court. The new partner, however, needing supplies which were necessary, and the old firm failing to furnish them on application as promptly as he required them, he applied to the plaintiffs for them, and they, after satisfying themselves that supplies were necessary, sold them to him (including a considerable advance of cash). They were all used, it seems, by the new partner, for the benefit of the new partnership. There is evidence tending to show that they were, at first, charged on plaintiffs' books to the new partner alone; but other evidence indicates that they were regarded as creating a debt against the new partnership. The new partner, in discharge of the debt thus made, sold to the plaintiffs several bales of the cotton grown on the farms, the produce of the partnership enterprise. The old firm, denying the plaintiffs' right to the cotton under this sale, and denying their right, also, to charge the partnership with the supplies sold without the consent of the old firm and against express warning not to sell, exacted that the cotton should be sold by the plaintiffs to pay the before-mentioned acceptance, the one sued upon in the present action. One of the plaintiffs promised to make the sale and apply the proceeds to the acceptance (remitting any surplus to the old firm,) but on the same day, after taking legal advice, he retracted the promise. The plaintiffs then sold the cotton as their own, and received pay for it. It brought more than the amount

of the acceptance, but less than the amount of the plaintiffs' disputed account.

On substantially these facts, the action being against the old old firm on their acceptance and the new party being no party to it, the defendants pleaded the general issue, payment, and set-off, the plea of set-off being founded upon the cash which the plaintiffs had realized from the sale of the cotton.

1. We are of opinion that if the plaintiffs knew of the express stipulations in the partnership articles, they could not, under the facts in the record, make any sale or advance to the new partner which would create a debt against the partnership. The usual implied powers of a partner may be limited by express contract, and persons dealing with him, with full notice of his want of authority, cannot look to the partnership for payment: Story on Part., section 130, and note; Parsons on Part., ch. vi., section 3, pp. 93–103, and note; Code, section 1908.

2. The same rule applies to their purchase of the cotton, If they knew that it was to be sent to the factors, and that the partner from whom they bought had no power to sell, they acquired no title as against the partnership.

3. Under the pleadings and evidence, however, the defendants could not set-off the proceeds of the cotton in the hands of the plaintiffs against their acceptance. The theory of their claim to set-off is, that the sale was wrongful, and that they can waive the *tort* and treat the money as money had and received by the plaintiffs to their use. But whose money is it? Not theirs, but the money of the new partnership, of which they are only members. The new partnership is not sued; they, alone, are sued, and their copartner is not a party before the court. He is interested in this fund, either to let it remain where he placed it, or, if it be reclaimed, to apply it according to such equities as may exist in reference to the whole subject matter. Without his being made a party the equitable elements of the claim to set-off could not be considered; and the mere legal elements are against the claim, for there is a want of full mutuality between the plaintiffs'

demand and this. Perhaps there may still be grounds for substantial relief by injunction, or otherwise, if, by reason of the non-residence of the plaintiffs and other facts, the defendants cannot realize such rights as they may have to share in the cotton or its proceeds. We only rule that they have not made a case of set-off.

4. Nor have they made a case of payment. It was competent, as the promise to sell the cotton and apply the proceeds to the acceptance was made without any new consideration, for the plaintiffs to retract the promise before it had been acted upon, and before reliance upon it had caused any injury; and it seems that this was done.

Notwithstanding the errors which we find in the record it was right, on the whole case, for the plaintiffs to recover, and we affirm the judgment.

Judgment affirmed.