JOHNSON, CLARK & CO. v. C. H. BERNHEIM.

*Partnership -- General and Special.*

1. In a general partnership, the dealings of each partner with third persons, in any manner legitimate to the business, are binding on the partnership.

2 In a special partnership, the power of each partner, in regard to dealings with third persons who have notice of the terms, is special. If however the terms are violated and the transaction enures to the benefit of the partnership, the partnership is liable.

CIVIL ACTION tried at Fall Term, 1876, of CABARRUS Superior Court, before *Schenck, J.*

The action was brought by the plaintiffs against the defendant as one of the firm of Bernheim & Waring, for goods sold and delivered to Waring, the other member of the firm.

The points raised and decided in this Court upon the facts in the case and the objections to the charge of His Honor in the Court below, are so fully stated in the opinion delivered by Mr. Justice Reade, as to render any further statement unnecessary. Verdict for defendant. Judgment. Appeal by plaintiffs.

*Mess s. Shipp & Bailey* and *R. Barringer,* for the plaintiffs.
*Mr. W. J. Montgomery,* for the defendant.

READE, J.    A & B are general partners to do some given business ; the partnership is. by operation of law, a power to each to bind the partnership in any manner legitimate to the business.    If one partner go to a third person to buy an article on time for the partnership, the other partner cannot prevent it by writing to the third person not to sell to him on time ; or if one party attempt to buy for cash, the other

has no right to require that it shall be on time. And what is true in regard to buying, is true in regard to selling. What either partner does with a third person is binding on the partnership. It is otherwise where the partnership is not general, but is upon special terms, as that purchases and sales must be with and for cash There the power to each is special, in regard to all dealings with third persons at least who have notice of the terms. But even in that case if the terms are violated, as if a partner buy on time when he ought to buy for cash and the thing bought come into the partnership and the partnership take the benefit, the partnership must pay for it.

Apply these principles to the case before us, and it will be seen that the case has not been tried according to law.

The issues submitted to the jury do not cover the case The plaintiffs' allegation was that the goods were sold to the *partnership* of Bernheim & Waring The first issue was. were they sold and delivered to Waring, one of the partners? The jury answer "no." But that does not negative the fact that they were sold and delivered to the *partnership*. The second issue was. did the defendant Bernheim, as the partner of Waring, notify the plaintiffs before credit was given to Waring, not to sell to Waring except for cash? The jury answer "yes." But that does not find whether the terms of the partnership were general or special; or if special, whether the goods, although bought contrary to the terms, did not go into the use of the partnership. So, the issues decide nothing. The issue which the plaintiffs offered and which His Honor refused, covered the whole ground. Is the defendant Bernheim indebted to the plaintiffs on account of the partnership of Bernhiem & Waring? If so, how much?

There was error also in His Honor's charge. The plaintiffs asked him to charge that even if the terms were to buy for cash only, yet if there was a departure from the terms

with the consent of Bernheim, then he would be liable. His Honor refused, because the pleadings did not raise the issue and because there was no evidence.

The pleadings did raise the issue. The complaint alleged the liability of the partnership and the answer denied it. That made the issue. It was not necessary that the complaint should allege whether the partnership was liable upon the general agreement, or upon the ratification of a departure from a special agreement. That was a matter of proof. And then His Honor says there was no proof. But there was, for the case states that the plaintiffs read in evidence several letters from defendant Bernheim, tending to show his knowledge of the delivery of the goods to Waring and his, Bernheim's, recognition of the debt.

Error.

PER CURIAM.                    *Venire de novo*