VARNER & ELLINGTON *et al.*, plaintiffs in error, *vs.* RADCLIFF & LAMB, defendants in error.

1. There being evidence to support the verdict, and the presiding judge having approved it, this court will not interfere on the ground that the verdict is against evidence.
2. Though defendants to a proceeding in equity reside without the jurisdiction, yet when they appear and answer on the merits, full equity will be done between the parties.

New trial. Jurisdiction. Equity. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1877.

Complainants filed their bill to have a certain equitable claim which they held against Varner & Ellington, set off against a judgment which the latter held against them for $226.50, principal. Complainants' claim was for $400; they prayed a decree for the amount due them in excess of the judgment, and that it should be enjoined from proceeding against them. The bill also prayed an account and settlement with one May, who had been a partner of complainants, and through whose transactions the claim against Varner & Ellington arose. As to him, the bill was taken *pro confesso*. On the trial, the jury found for complainants against Varner & Ellington $143.36, principal. The judg-

ment was enjoined. Defendants made a motion for a new trial, which was overruled, and they excepted. It appears that the defendants were residents of Alabama, but they appeared, answered, and defended the action.

PEBAODY & BRANNON, for plaintiffs in error.

BLANDFORD & GARRARD, for defendants.

JACKSON, Judge.

This case has been twice before this court, and the principles of equity which govern it have been fully decided by us. 55 *Ga.*, 427; 56 *Ib.*, 222. The grounds for the motion for the new trial now made are not certified to be true by the presiding judge; so that the sole question is this: Is the verdict against the law and the decided weight of evidence?

1. In respect to the evidence, there is enough fully to sustain the verdict. If the testimony of complainants, Radcliff & Lamb, is to be believed, they are entitled to the verdict on the facts; if what Varner & Ellington affirm be true, then the verdict is wrong. It was a question of credibility of witnesess, and outside of the parties themselves, the weight is with the complainants. At all events, our repeated rulings would not permit us to disturb the verdict, approved by the court, when testimony is conflicting, and when there is enough to support the verdict.

2. In respect to the law, the only point is, that the defendants being non-residents, there could be no recovery against them; and as the jury found a verdict for one hundred and forty-three dollars and thirty-six cents against them, it is contended that it is against the law in that respect.

But they answered the bill, appeared by counsel, and have fought the case with vigor from its commencement.

They cannot now set up want of jurisdiction. They were endeavoring to enforce their judgment in Georgia. Equity

interposed, they came in and answered in respect to the whole merits of the case, and the verdict and decree must be sustained.

Judgment affirmed.