Knox v. Buffington & Co.

KNOX v. BUFFINGTON & Co. ET AL.

1. **Partnership**: POWERS OF PARTNERS: CONTRACT. If a party dealing with a partner has notice of a restriction upon the general powers of the partner, he cannot subject a copartner to liability upon a contract entered into in violation of such restriction.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, MARCH 19.

ACTION upon a promissory note for one hundred and seventy-five dollars, executed by J. Q. Buffington & Co., payable to the order of W. C. Knox & Son. The copartnership of J. Q. Buffington & Co. was composed of J. Q. Buffington and H. C. Wortham. Wortham answered for himself and also for the partnership, averring that said note was given for certain machinery attached to the flouring mill belonging to said partnership, and that he, said Wortham, never consented to said purchase, but positively refused, and so notified the plaintiff before said purchase was made; that with full knowledge of such refusal to purchase the plaintiff sold said machinery to said Buffington, who, in fraud of the rights of defendant Wortham, executed the said promissory note, and that said defendant never received any consideration therefor. There was a trial by the court and a judgment for the defendants. Plaintiff appeals.

*G. W. Watters,* for appellant.

*R. H. Hanna* and *Tatlock & Wilson,* for appellees.

ROTHROCK, J.—It is conceded that the partnership firm of
J. Q. Buffington & Co. consisted of J. Q. Buffington and H. C.

1. PARTNER-
SHIP: powers
of partners:
contract.

Wortham, and that the business of the partner-
ship consisted in operating a flouring mill owned
by the firm.    The machinery in question was
placed in said mill on trial, before the said partnership was
formed, and while the said mill was owned by other parties.

We think the court was warranted in finding from the evi-
dence that, at about the time the note was given, the plaintiff
appeared at the mill, claiming that the machinery had been
sold, and not left on trial.    This claim seems to have been
abandoned and plaintiff proposed to sell to Wortham. . Wor-
tham told him he would not buy, and that he and Buffington
could not run the mill in partnership, and offered to stop the
mill and set the machinery out.    Wortham was then negotia-
ting a sale of his interest in the mill to Buffington, and told
him if he wished to purchase the machinery to do so, but that
he (Wortham) would have nothing to do with it.    Buffington
afterward made the purchase and executed the note in suit,
but without the knowledge of Wortham, who in a short time
after that sold out his interest in the partnership to Buffing-
ton.    In the sale no account was taken of said machinery,
and Wortham did not know that a partnership note had been
given until after he sold his interest in the mill and until
after said note became due.    It is true there is a conflict in
the evidence as to Wortham's refusal to make the purchase,
and as to his knowledge that a partnership note had been
given.    It is not our province, however, to determine the
credibility of the witnesses where there is a conflict in their
testimony, and we cannot say that the court did not find
these questions of fact correctly.

That the purchase of the machinery was within the scope

of the partnership business is not denied.   In the absence of a refusal upon the part of Wortham to make the purchase, or of notice to the plaintiff of such refusal, there can be no doubt that the purchase made by Buffington would have been binding upon the partnership and upon the individual members thereof.

But here was an express restriction of the general powers of Buffington, of which the plaintiff had notice when he sold the machinery     Under such circumstances we think he could not by his act bind his copartner.   "If the party dealing with a partner has knowledge of any restrictions of the general powers of the partner, as between him and his copartners, he will be bound by them, and he cannot insist upon his acts under the general powers of a partner in violation of such restrictions."   5 Wait's Actions and Defenses, 126; Collier on Partnerships, § 387, *et seq.; Boardman v. Gore,* 15 Mass. 339; *Leavitt v. Peck,* 3 Conn., 125.

AFFIRMED.