JOHNSTON, CLARK & CO. v. C. H. BERNHEIM.

*Partnership—Liability of Individual Members.*

Where the managing partner of a firm buys goods on time when he ought to have bought for cash according to the terms of their agreement, the firm and each member thereof, (out of his individual estate) is liable for the debt, even though the seller had knowledge of the stipulation against credit ; and this, whether the partner sought to be charged derived any individual advantage from the enterprise, or not.

CIVIL ACTION tried at August Special Term, 1880, of ROWAN Superior Court, before *McKoy, J.*

The plaintiffs appealed from the judgment below.

*Messrs. W. H. Bailey* and *J. W. Mauney,* for plaintiffs.
*Messrs. J. M. McCorkle* and *T. F. Klutts,* for defendant.

SMITH, C. J. The defendant and T. R. Waring, in January, 1873, entered into a written agreement for the formation of a co-partnership in the purchase and sale of sewing machines, the business of which was to be carried on at Memphis in Tennessee under the personal management of the latter, and the defendant furnished to the capital the

sum of one thousand dollars. At the same time it was understood and agreed by parol between them (outside of the articles in writing) that all the goods should be bought for cash and none on credit, in prosecuting the joint enterprise. The claim now in suit is for a balance due for articles purchased by the managing partner, and sold to him by the plaintiffs, as the defendant insists, and the jury find, with knowledge of this collateral stipulation against credit. The business did not prosper, and the firm assets have been exhausted under the management of Waring, the acting partner, and the present action is to enforce payment out of the defendant.

It is necessary to notice but one of the numerous exceptions to the rulings of the court taken during the progress of the trial.

The defendant proposed to prove by his own testimony, that no advantages had ever been derived by him from the prosecution of the joint undertaking. The plaintiffs, conceding the admissibility of the enquiry whether any benefit has accrued to the firm from the purchase of the goods, objected to the competency of proof that the defendant personally and outside of the partnership never received anything therefrom, as affecting his liabilities incurred while a member of it. The testimony was admitted, and the witness swore that he never had received any benefit or profit out of their joint operation, and to this ruling the plaintiffs except.

Upon this evidence the court instructed the jury (and there was no objection thereto) that " if there was an agreement, at the time the copartnership was formed, either in the articles or verbally, to purchase for cash only, and the plaintiffs with notice of this agreement, sold the goods to Waring on credit, the plaintiffs could not recover, unless it was shown that the defendant agreed to receive the goods and

adopt the account against his firm, or *unless he took benefit from the goods purchased.*"

This instruction, while as an abstract proposition unobjectionable, must be interpreted and understood in its application to what the defendant had deposed to, not that the firm did not, and consequently himself as one of its members, derive benefit from the goods purchased in the name of the partnership and appropriated to its use, but that in consequence of the misconduct of Waring, ending in its total insolvency, the defendant received nothing from its business to his individual and separate advantage. In its relations to the evidence permitted to be given to the jury, the charge was calculated to mislead, for they would naturally understand it to mean, that the defendant was not personally bound, if no fruits accrued to him out of the enterprise in which he embarked.

When the case was before us at the former appeal (76 N. C., 139), the court said: " What either partner does with a third person is binding on the partnership. It is otherwise when the partnership is not general, but is upon special terms, as that purchases and sales must be with and for cash. There the power to each is special in regard to all dealings with third persons, at least, who have notice of the terms. But even in that case, if the terms are violated, as if a partner buy on time, when he ought to buy for cash, and the *thing bought come into the partnership, and the partnership take the benefit, the partnership must pay for it*:" and we may add, so must each member of the firm, if necessary, out of his individual estate.

In the very nature of a partnership, there is an implied delegation of power to each member to act for all within the scope of its purposes, and to make them practically effective, and hence when there is imposed a positive and express limitation upon the legal capacity of one or more to exercise such power, and this restricted agency is known to

one dealing with him or them, then a contract or act in excess of such limitation will not bind the others. There is a further proviso, that a partner, not bound by the act of his associate in its inception, assumes the obligation when he takes the benefit of the property thus acquired, and assents to its going into the common stock, as truly as if the right to bind the firm in the premises existed.

But it is not necessary in order to this result, that the benefit should accrue to him separately and peculiarly. It is sufficient if the funds of the firm are augmented by the acquisition, in which he could participate, or the joint liability for expenses incurred in conducting the business are paid or lessened in amount by an appropriation of the proceeds, for the obvious reason that each partner has a direct interest in both.

So then it may be true that the goods in question, as the defendant's invested capital, were exhausted in the effort to carry on the business, and yet the resultant effect is to leave no surplus for distribution, or even to reïmburse the sum contributed by the defendant. The jury might well understand and act upon a construction of the charge that the defendant would not be liable, unless he derived some advantage, and he says he derived none from the operations of the Memphis business.

For the error pointed out, and without considering the others assigned or passing upon their legal sufficiency, we think the plaintiffs are entitled to another trial, and it is so adjudged.

Error.                              *Venire de novo.*