SLADEN, FAKES & COMPANY v. J. G. LANCE and M. R. JONES.

(Filed 15 December, 1909.)

1. Partnership—Limited Authority—Notice—Liability.

When one deals with a partner with notice that his acts exceed the limitation imposed upon his authority by the partnership, the partnership is not bound, and the remedy is restricted to the partner with whom he deals.

2. Same—Evidence.

One who has entered into a partnership with another in a business conducted in a different town from that of his residence,

under a parol contract by which it was agreed that the other partner should conduct the entire business and only buy such goods as he was able to pay for promptly, is not liable to a creditor of the firm to whom he had given notice of the agreement, and who acted in disregard of the notice and in such a manner as to keep him in ignorance of the true status of the account.

APPEAL from *Ferguson, J.,* May Term, 1909, of BUNCOMBE.

The defendant M. R. Jones alone was served with summons, and defended the action. The plaintiffs sued to recover a balance of $292.22 and interest for the value of the goods sold and delivered to the partnership of J. G. Lance & Co., the company being the defendant, Mrs. M. R. Jones. The goods were sold on the strength of Mrs. Jones' connection as a partner. The defense was rested upon allegations that the partnership agreement, being verbal, provided that Lance, who was the active partner in the entire management of the business, should not run into debt, but should buy only such goods as he was able to pay for promptly; that the defendant Jones communicated this stipulation to members of the plaintiff firm; that she did not wish the plaintiff to permit him to trade with him unless he kept his bills promptly paid; that, as she did not live in Asheville, where the plaintiffs and the partnership of J. C. Lance & Co. did business, but in Buncombe County, she made frequent inquiries, from time to time, of salesmen of plaintiff who visited the store conducted by her brother and herself in the county, if Lance was keeping his bills paid up, and was always told that he was; that during the period covered by these inquiries plaintiffs were permitting the said Lance to run in debt; that when finally she found out that the partnership was about to fail, she went to see plaintiff, and the following conversation occurred: "I asked why they did not notify me of the fact that they were letting Lance run behind, and he (Dr. Fakes or Mr. Slayden) said that he was sorry that he did not—that he ought to have done it; and I asked for a statement, and they said that they would give it to me if I would not let Lance know it, and I asked why they did not want him to know it, and they said that it would make him mad. They gave me a statement and I took it and went home." This was after the full indebtedness sued for had been contracted, and the first and only statement ever furnished defendant Jones. That defendant had not received anything whatever from the partnership; that what was left of the goods was sold and the entire proceeds turned over to plaintiffs.

At the trial the defendant Jones admitted, in writing, (1) the existence of the partnership during the period covered by plaintiff's account; (2) that the itemized account sued on was cor-

rect; that the goods so sold were for the use of the partnership and had not been paid for, and (3) that the defendant assumed the burden of proof on the issue submitted. His Honor held that the admission established a *prima facie* case for the plaintiffs. Without objection, his Honor submitted this issue to the jury: "Is the defendant Mary R. Jones indebted to the plaintiffs on account of the partnership of J. G. Lance & Co.? If so, how much?" The jury having responded to the issue, "Nothing," judgment was rendered against the plaintiffs for costs, and they appealed to this Court.

*Tucker & Lee* and *Merrimon & Merrimon* for plaintiffs.
*Frank Carter* and *H. C. Chedester* for defendants.

MANNING, J., after stating the case: The principal question presented by this appeal is the correctness of his Honor's refusal to instruct the jury, upon the evidence, to return a verdict for the plaintiffs, for the reasons that the defense pleaded was not good, and that it was unsupported by any sufficient evidence, in view of the written admissions of the defendant at the trial. We are against the plaintiffs upon both propositions. It is undoubtedly a generally accepted doctrine that "Whatever, as between the partners themselves, may be the limits set to each other's authority, every person not acquainted with those limits is entitled to assume that each partner is empowered to do for the firm whatever is necessary for the transaction of its business, in the way in which that business is ordinarily carried on by other people." *Powell v. Flowers,* at this term; Lindley on Part., 124; George on Part., 215. The doctrine stated is so generally held and so well established that no further citation of authority is needed for its support. It is equally well settled that where a party dealing with a partner has notice of the limitation upon the partner's authority, the partnership is not bound; his remedy would be restricted to the partner with whom he dealt. Story on Part., secs. 128, 129, 130; George on Part., p. 215; Lindley on Part., pp. 168, 169; 1 Bates on Part, secs. 323, 324; Parson's Principles of Part., 115; 22 Am. & Eng. Enc., 142; *Cotton v. Evans,* 21 N. C., 284; *Long v. Carter,* 25 N. C., 241; *Baxter v. Clark,* 26 N. C., 127; *Gallway v. Matthews,* 10 East, 264; *Winship v. Bank,* 5 Peters, 529; *Knox v. Buffington,* 50 Iowa, 320; *Bramley v. Elliott,* 38 N. H., 287; *Livingston v. Roosevelt,* 4 Johnson, 251; *Pollock v. Williams,* 42 Miss.; *Fertilizer Co. v. Pollock,* 104 Ala., 402; *Wilson v. Richards,* 28 Minn., 337; *Radcliffe v. Varner,* 55 Ga., 427; *Williams v. Barnett,* 10 Kan., 455; *Hastings v. Hopkinson,* 28 Vt., 108; *Chap-*

*man v. Devereux,* 32 Vt., 616; *Cargill v. Carley,* 15 Mo., 425. As opposed to a doctrine established by the well-considered decisions of learned and eminent jurists, the counsel for the plaintiffs cite *Johnston v. Bernheim,* 86 N. C., 339, and the same case, 76 N. C., 139. We think that in those two cases there will be found an express recognition of this doctrine. At page 140, 76 N. C., the Court says: "It is otherwise where the partnership is not general, but is upon special terms, as that purchases and sales must be with and for cash. There the power to each is special in regard to all dealings with third persons, at least, who have notice of the terms." But the Court adds: "But even in that case, if the terms are violated, as if a partner buy on time when he ought to buy for cash, and the thing bought come into the partnership and the partnership take the benefit, the partnership must pay for it." This language was quoted by the learned Chief Justice, who spoke for the Court in delivering the opinion in the 86 N. C., 339, when the case of *Johnston v. Bernheim* was again before this Court, and was evidently predicated upon the evidence in that particular case, which tended to show that the partner sought to be charged had knowledge of the delivery of the goods bought on credit and recognized the debt. The language of the Court, applied to that state of facts, is sustained by reason and authority, and is in agreement with the many well-considered opinions which we have examined. It is obviously true that when notice that the limitations upon the power of a partner contained in the partnership agreement are exceeded, or the restrictions therein imposed disregarded, is brought home to the other partner or partners, and, having such knowledge, the other partner or partners permit the partnership to enjoy the fruits of the abuse of power and to receive benefits therefrom, or fail promptly to disavow the act of such partner, the partnership and its members would and ought to be bound; but, without such limitation, we think the language of this Court in the opinions quoted from above states the proposition too broadly, and is not sustained by the text writers and the well-considered opinions of other courts whose opinions are above cited. The evidence in this case tended to prove that in the partnership agreement it was stipulated that Lance should not go in debt for goods purchased; that Mrs. Jones notified a member of plaintiff firm of the agreement, and that she wished them to quit selling to him if he did not pay promptly; that she inquired from time to time of plaintiff's salesmen if Lance was keeping his bills paid up, and was uniformly told that he was; that when she was told that Lance had run the business in debt, she

promptly complained to plaintiffs and they admitted that they ought to have informed her; that plaintiffs were permitting Lance to become and remain indebted to them during the period she was inquiring if Lance was indebted; that she offered to turn over the stock of goods to plaintiffs and they refused to accept it; that she sold the stock, inventoried by an employee sent by the plaintiffs, and paid the plaintiffs the entire proceeds; that plaintiffs hesitated, upon her demand to give her a statement of the account, for the reason it might make Lance mad; that plaintiffs sold goods to the partnership upon the financial strength of Mrs. Jones. We think his Honor committed no error in submitting the case to the jury upon this evidence, and that the jury were justified in their verdict. While the plaintiffs were not, upon the evidence, guilty of that fraud which necessarily involves moral turpitude, yet their conduct was a fraud upon the right of the defendant, for the fraud in such case consists in the knowledge that the partner was violating, with their aid, a stipulation of the partnership agreement, without the consent of the other partner and against her express instructions. *Livingston v. Roosevelt, supra;* Bigelow on Fraud, 242; Story on Part., sec. 131; 1 Bates on Part., sec. 323; *Cotton v. Evans, supra.*

We have carefully examined the exceptions taken at the trial by the plaintiffs, appellants, to the rulings of his Honor upon the evidence, and to instructions prayed and refused, and to certain parts of his charge, and we find no reversible error. The judgment is therefore

Affirmed.