T. B. OAKLEY v. L. G. MORROW AND G. E. MOORE, PARTNERS, TRADING AS L. G. MORROW & CO.

(Filed 2 October, 1918.)

**Partnership—Principal and Agent—Contracts—Intent—Estoppel.**

> Where the partnership relation of a firm for a certain year has been established (see *Machine Co. v. Morrow*, 174 N. C., 198), the acts of one of the partners during that term, within the scope and exegencies of the current business, is binding upon the other; and where labor has accordingly been done for the partnership and money lent thereto by an employee, under agreement with the partner in charge of the business, the existing contract of partnership will control, and the mere knowledge of such employee at the time that the other partner intended to withdraw from the firm, without any element of estoppel, will not release the partner so intending from liability.

ACTION tried before *Whedbee, J.,* and a jury, at August Term, 1918, of PITT.

The action was to recover $1,700, claimed by defendant for services rendered and money advanced to the firm of L. G. Morrow & Co., conducting a tobacco warehouse business at Farmville, N. C., in 1914; plaintiff contending that said firm at the time was composed of L. G. Morrow and G. E. Moore.

There was denial of liability on the part of defendant Moore, said defendant contending that he was not a partner in said firm and in no way responsible for the claim.

On issues submitted, the jury rendered the following verdict:

1. Were the defendants, L. G. Morrow and G. E. Moore, during the year 1914, partners, doing a general tobacco warehouse business in the town of Farmville under the firm name of L. G. Morrow & Co., as alleged? Answer: Yes.

2. If so, was the defendant G. E. Moore, at the time of the making of the account in controversy, a partner of the firm of L. G. Morrow & Co.? Answer: Yes.

3. Is the defendant G. E. Moore, as a partner of L. G. Morrow & Co., indebted to the plaintiff, and, if so, in what amount? Answer: Yes; $1,669.07, with interest from 22 December, 1915.

Judgment on the verdict, and defendant G. E. Moore excepted and appealed.

*F. G. James & Son for plaintiff.*
*Albion Dunn for defendant.*

HOKE, J.   There was evidence tending to show that in 1914 Morrow & Moore, a firm, composed of L. G. Morrow and G. E. Moore, undertook to dissolve the partnership between them, and entered into a written agreement, signed by both of the parties, reciting among other things that "The said L. G. Morrow and G. E. Moore do hereby covenant one with another that they will be bound by the following terms, agreements, and stipulations, so far as the same affects any existing relationship between them."

Construing this contract, in *Machine Co. v. Morrow,* 174 N. C., 198, the Court held that its force and effect was to constitute a partnership between these persons for the year 1914, and, this being true, his Honor correctly held that the defendant Moore, as a member, was liable for plaintiff's claim for services to the firm and money lent them during said year in promotion and within the scope and exigency of its current business. *Farmer et al. v. Head & Co.,* 175 N. C., 273; George on Partnerships, p. 97.

The evidence offered by defendant Moore in opposition to the recovery, and which was disregarded in the court below, amounts only to this, that it was the desire and intent on the part of said defendant to withdraw from the firm, but, having entered into a binding written agreement that fixed his relationship and status to be that of partner for one year longer, the intent and meaning as expressed in the terms of the written agreement while it remains in force must control the rights and liabilities of the parties, as presented in this record, and may not be varied by the intent or understanding of one of them. *Walker v. Venters,* 148 N. C., 388; 10 R. C. L., title, Evidence, secs. 210-211, p. 1019. Nor is the position affected by the testimony on the part of defendant tending to show that plaintiff was aware of the purpose of defendant Moore to withdraw from the firm. The decision construing the contract having declared defendant Moore a general partner, having an interest in its business and entitled to share in its profits, and conferring on L. G. Morrow, the man-

aging partner, full power to make the contract, the defendant is liable during·the period covered by the agreement for all contracts made by him within the ordinary and usual scope of the partnership business and in furtherance of its interests. The contract in question here was for labor performed and money lent to the firm during the year to enable it to carry on its ordinary business, and, in the absence of any facts or circumstances creating an estoppel, defendant is liable by reason of his position as member of the firm, and whether plaintiff knew of his effort and purpose to withdraw or not. *Johnston, etc., v. Bernheim*, 86 N. C., 339.

The case of *Sladen v. Lance,* 151 N. C., 492, is not opposed, but in direct recognition of the principle. That was the case of a partnership which, by its terms, imposed special restrictions on the power of the partner who made the contract, and it was held that a creditor selling to the firm with knowledge of these restrictions was bound by them; but in our case, as stated, the defendant is a general partner; the contracts were made with a member having full powers, and the firm has received full consideration.

There·is no error, and judgment for plaintiff must be affirmed.

No error.