THE STATE AND BOARD OF COMMISSIONERS OF MECKLENBURG COUNTY, ON THE RELATION OF Z. M. HOUSTON v. G. C. DeHERRODORA, J. N. DODGEN, S. S. ROGERS AND R. R. HAZLEWOOD, AND NEW AMSTERDAM CASUALTY COMPANY, AND MASSACHUSETTS BONDING AND INSURANCE COMPANY.

(Filed 15 December, 1926.)

**1. Arrest—False Arrest — Intoxicating Liquors — Spirituous Liquors— "Transportation"—Statutes.**

An arrest may not be lawfully made by the properly authorized officers of the law for the violation of our prohibition law, for the transportation of intoxicating liquors upon mere unfounded suspicion arising from information received that the supposed offenders would thus transgress the law on a future occasion, and an arrest so made, not upon an offense committed in the officers' presence or to their personal knowledge as to the particular offense, and without a search warrant, is unlawful and entitles the plaintiff in his action therefor, to recover damages. 3 C. S., 2411(f).

**2. Same—Resisting Arrest—Evidence—Questions for Jury.**

Where there is evidence that the officers of the law while arresting one on trial for a criminal offense found it necessary to fire upon the car in which the accused was fleeing, and that the latter, under the

impression that the purpose of his pursuers was that of robbery, used only the force necessary to his resisting them under this impression, questions are raised for the jury to determine whether under the evidence the officers acted only with the force necessary for their purpose, and also as to the truth of the defense interposed.

**3. Arrest—Officers—Unnecessary Force.**

Where the officers of the law wilfully and intentionally use more force than is necessary for their purpose, they are acting beyond the authority conferred upon them by law as such officers, and are liable as individuals for damages for the consequences of their unlawful act.

**4. Assault—Arrest—Officers.**

The unnecessary use of a pistol by an officer in making an arrest under unjustifiable circumstances, is an assault.

**5. Arrest—Damages—Principal and Surety—Appeal and Error.**

Where an unlawful and unwarranted arrest has been made by the officers of the law and damages are recoverable against them, the sureties on their bonds are not liable in excess of the penalty on the bonds of each of the defendants separately given, and a judgment otherwise is erroneous.

APPEAL by defendants from *Lyon, J.,* at April Term, 1926, of MECK-LENBURG. No error.

Action to recover of defendants damages for assault upon and wrongful imprisonment of plaintiff relator, in breach of official bonds executed by the individual defendants, as principals, and the corporate defendants, as sureties. Said bonds were executed by the individual defendants as rural police officers of Mecklenburg County. Defendants denied that they assaulted plaintiff, or wrongfully imprisoned him, as alleged in the complaint. They allege that they lawfully arrested plaintiff, and lawfully pursued him, after he attempted to escape.

The issues were answered by the jury, as follows:

1. Did the defendants, G. C. DeHerrodora, J. N. Dodgen, S. S. Rogers and R. R. Hazlewood, wilfully and wrongfully assault the plaintiff, Z. M. Houston, with deadly weapons, without just and lawful cause, as alleged in the complaint? Answer: Yes.

2. Was the plaintiff, Z. M. Houston, wrongfully and unlawfully detained and restrained of his liberty by the said defendants? Answer: Yes.

3. What damages, if any, is the plaintiff, Z. M. Houston, entitled to recover of defendants? Answer: $2,000.00.

From judgment upon the verdict, defendants appealed to the Supreme Court.

*J. D. McCall and F. C. Hunter for plaintiffs.*
*T. L. Kirkpatrick and Flowers & Boyd for defendants.*

CONNOR, J. On 22 February, 1925, the individual defendants were rural police officers of Mecklenburg County. Each had been duly appointed to his office by the board of commissioners of said county, under the provisions of chapter 664, Public-Local Laws, 1917. Each, upon his appointment and qualification had executed a bond, conditioned as required by section 6 of said statute. The penal sum of each bond was $1,000. Defendant, New Amsterdam Casualty Company, was surety on the bond of G. C. DeHerrodora, and defendant, Massachusetts Bonding and Insurance Company, was surety on the bond of each of the other individual defendants. All of said defendants were on duty at the time plaintiff, Z. M. Houston, alleges that he was assaulted and wrongfully and unlawfully imprisoned by defendants.

Plaintiff, Z. M. Houston, lives on his farm about twelve miles from the city of Charlotte. For ten or twelve years has been selling milk and butter to customers living in the city of Charlotte. During the month of February, 1925, he was employed at the Ford plant in said city doing night work. During the afternoon of 21 February, 1925, he left his home in the country and went to Charlotte in his Ford touring car. He had in his car several milk cans, containing milk to be delivered to his customers. After delivering the milk and attending to other business in the city, he went to the Ford plant, about 7 o'clock p. m., to begin his night work. He left his car, with the empty milk cans, between the seats, in front of the plant, and soon thereafter began his work in the plant. He worked until 3 a. m., when, having completed his work for the night, he left the plant and started to his home in the country in his car. This was in accordance with his custom. Just before reaching the point at which Keswick Avenue, on which he was driving, intersects with the National Highway, which leads from the city to his home, he observed the reflection of lights from a car coming up the highway towards the intersection. He stopped his car on Keswick Avenue, in order that the car might pass before he entered upon the highway.

Defendants, rural police officers, were in the car on the highway. They had received information, during the preceding afternoon, that plaintiff would be at the intersection of Keswick Avenue and the National Highway, at about 3 a. m. on the following morning for the purpose of transferring, then and there, from his car to another car, a large quantity of intoxicating liquor, which they were informed he would have in his car, in milk cans. Defendants were there at about 3 a. m. for the purpose of searching plaintiff's car, and of arresting him upon a charge of violating the Prohibition Law, when he appeared. Neither of defendants had a warrant, authorizing them to search the car, or to arrest plaintiff. Defendants, however, had authority, as rural

police officers, by virtue of section 5 of ch. 664, Public-Local Laws, 1917, to arrest without warrant for "any freshly committed crime," whether committed in their presence or not. It is provided in the statute that "when an arrest is made without warrant, the person so arrested shall be forthwith carried before a trial officer of the county and a warrant of arrest procured, to the end that the person charged may be dealt with according to law."

There is conflict in the evidence as to what occurred when defendants first saw plaintiff in his car at the place where they were informed he would be at that hour. The evidence on behalf of plaintiff tended to show that one of the defendants, without arresting plaintiff upon any charge, or speaking to him, assaulted plaintiff with a pistol, as he sat in his car, with his motor running, and that the other defendants were present aiding and abetting in the assault. The evidence for defendants tended to show that plaintiff had parked his car on Keswick Avenue, in the city of Charlotte, in violation of the traffic ordinances of the city; that defendants arrested plaintiff for this crime, freshly committed in their presence; and that plaintiff at first submitted to the arrest. All the evidence is to the effect that after defendants came upon plaintiff, sitting in his car at the intersection of Keswick Avenue and the National Highway, and after defendants had attempted to search his car, with a flashlight, plaintiff suddenly turned his car and drove rapidly in the direction of the thickly populated section of the city of Charlotte, and that defendants pursued him in their car for a quarter of a mile or more. Plaintiff testified that he attempted to escape from defendants because he thought they were robbers; defendants, each, testified that they were in their uniforms, and as officers called upon plaintiff by name repeatedly to stop his car. Plaintiff testified that as they pursued him, defendants fired at him, with their pistols, 15 or 20 shots; plaintiff's testimony was corroborated in this respect by other witnesses. Defendants testified that they fired only three shots at the tires on plaintiff's car. Three of the tires were struck by shots from defendants' pistols, causing them to burst. Because of the bursted tires, and of the speed at which plaintiff was driving, in his endeavor to escape from defendants, when he came to the railroad bridge his car swerved and struck the curb. Defendants then overtook plaintiff and searched his car. There was no intoxicating liquor in his empty milk cans or in his car. All the evidence was to the effect that plaintiff had not violated the Prohibition Law. There was sharp conflict in the evidence as to whether or not he had violated the traffic ordinance by parking his car on the wrong side of Keswick Avenue, with his lights out, and as to whether or not he had, in his effort to escape from defendants, knocked defendant, DeHerrodora, down with his car, wilfully and intentionally.

This evidence was properly submitted to the jury by the court, and defendants' motion for judgment as of nonsuit, made at the close of the evidence, was properly denied.

The conduct of defendants, as shown by the evidence for the plaintiff, which was accepted by the jury as true, was clearly wrongful and unlawful. Defendants were, upon all the evidence, without authority to search plaintiff's car, or to arrest him, upon a charge ·that he had violated the Prohibition Law. They had no warrant, authorizing the arrest or the search upon this charge. They had no information of a "freshly committed crime," resulting from a violation of the Prohibition Law, for which they were authorized to make an arrest, without a warrant, under section 5, chapter 664, Pub.-Loc. Laws, 1917. They had no authority to search plaintiff's car without a warrant, under section 6, ch. 1, Pub. Laws, 1923 (3 C. S., 3411(f), for neither of them saw or had "absolute personal knowledge" that there was intoxicating liquor in his car. *S. v. Simmons, ante,* 692; *S. v. Godette,* 188 N. C., 497.

Defendants do not contend that they. arrested plaintiff for violating the Prohibition Law. They contend that they arrested him for violating the traffic ordinances, by parking his car, with lights out, on the wrong side of Keswick Avenue, and that this violation of law was committed in their presence; they also contend that plaintiff, in order to escape after such arrest, wilfully and unlawfully ran his car against defendant, DeHerrodora, and knocked him down, and that they pursued him in order to prevent his escape, and also in order to arrest him for an assault upon DeHerrodora. Plaintiff denied that he was violating the traffic ordinance or that he ran his car, wilfully and unlawfully against DeHerrodora; he further denied that he was lawfully arrested upon any charge by defendants or that their pursuit of him was lawful. These were the vital contentions in· this case. The court instructed the jury as follows:

"Now, if you find that he was parked on the wrong side of the road, that would be a violation of the city ordinance; but the court charges you that *parking* does not mean stopping temporarily for another man to pass. He must be *parked.* The purpose of the law in not permitting parking on the wrong side of the street is to prevent a collision in which some one may be killed, òr a car damaged; if a man is in his car with the motor running, and is there only momentarily or temporarily for the purpose of permitting some one else to pass, that does not, as I construe the ordinance, come within the contemplation of the ordinance, for all laws and all ordinances are presumed to be reasonable, governed by the laws of reason.

48—192

"But if you find that plaintiff was actually parked with his lights out on the wrong side of the road, although defendants might not have gone there for that purpose, they would have the right to arrest plaintiff for that. If you further find that he wrongfully, after having been arrested, or whether he was arrested or not, if he intentionally or recklessly ran his car against DeHerrodora, that would be an assault upon him, and they would have had the right to arrest him for that offense. And the court charges you that whether or not he had been arrested, or if he had been arrested and was escaping, or was endeavoring to escape, before arrest, defendants had the right to use such force as was reasonably necessary to make the arrest or to prevent the escape; if you find from the evidence that it was necessary, under the exigencies of the occasion for them to shoot at the wheels of the car, if defendants were shooting at the wheels, and not at plaintiff, not endangering his life, why they would not be guilty of an assault in that regard, because they would have the right to disable his car for the purpose of making an arrest, or preventing an escape. They would have no right, however, to shoot at plaintiff himself, endangering his life."

Defendants' assignments of error based upon exceptions to those instructions cannot be sustained. They are based upon defendants' contentions, both as to the facts and as to the law applicable. If defendants did not arrest plaintiff, as plaintiff contends, but pointed a pistol at him while he sat in his car, and then attempted to search the car, this was an assault; or, if defendants, without having arrested plaintiff, or without having called upon him as officers to submit to an arrest, pursued plaintiff as he drove away, firing at him with their pistols, their conduct was wrongful and unlawful. The question as to their good faith was not involved in defendants' contentions as to the facts. The law with respect to the degree of force which an officer may use in making an arrest, or in pursuing one charged with crime, is not necessarily determinative of defendants' liability to plaintiff for the results of their conduct upon the facts found by the jury.

The admonition of *Justice Foster,* in his Crown Law, p. 319, quoted by *Walker, J.,* in *Sossaman v. Cruse,* 133 N. C., 470, seems applicable to these defendants: "It behooves the officers of the law to be very careful that they do not misbehave themselves in the discharge of their duty, for if they do, they may forfeit its special protection."

It is well for officers of the law, especially for those whose duty it is to patrol the streets and highways of the State, to be mindful, always, that their first duty is to protect the honest, law-abiding citizen in the enjoyment of all his rights under the law. It is sometimes difficult for an officer, under circumstances confronting him, suddenly and without warning, to distinguish between the criminal who is using the streets

and highways for evil purposes, and the good citizen who is using them for lawful purposes only. Officers must necessarily sometimes make mistakes. They should recognize this fact, and be prudent in the performance of what appears under the circumstances to be their duty, and thus avoid or at least lessen injury to one who may appear to be violating the law, but who in fact is innocent of wrong-doing. It is the duty of a good citizen, and a law-abiding man, always to submit to lawful arrest; the law is amply sufficient to protect one who has been erroneously arrested, and thus temporarily deprived of his liberty. An officer, who is mindful of his duty and prudent in the performance of it, if he makes a mistake in good faith, is entitled to and will receive the protection of the law. It is only when an officer is neglectful of his duty, or disregardful of the rights of others, that he will or should be held responsible for the consequences of his acts. When there is conflict in the evidence upon issues involving the conduct of an officer, all the evidence must be submitted to the jury, in order that the facts may be found, and his liability, if any, determined.

A careful examination of defendants' assignments of error appearing in the case on appeal leads us to the conclusion that there were no errors in the trial of this case for which defendants are entitled to a new trial.

There is, however, error in the form of the judgment. Upon the verdict, plaintiff is entitled to recover of the four individual defendants, his damages as assessed by the jury; these defendants are liable as joint *tort-feasors* for the full amount of the damages. The sureties, however, are liable only in accordance with the terms of their bonds. The liability of the New Amsterdam Casualty Company, as surety on the bond of G. C. DeHerrodora, is limited to the penal sum of the bond, to wit, $1,000; the liability of the Massachusetts Bonding and Insurance Company, as surety for each of the other individual defendants, is limited to the penal sum of each of said bonds, to wit, $1,000. The action must be remanded that the form of the judgment may be modified. Judgment should be rendered against each of the sureties for the full amount of the bond, to be discharged upon the satisfaction of the judgment against its principal, or by the payment of not less than the full amount of its bond, by the surety. The error in drafting the judgment was due evidently to an inadvertence.

Upon the trial there is

No error.