GRAYSON NICHOLS v. W. L. BRADSHAW ET AL.

(Filed 6 June, 1928.)

**1. Evidence—Competency—Impeaching Witness.**

Where a witness has testified that he had been indicted for illicit distilling, it is competent to ask him whether he had been convicted, when for the purpose of impeaching his credibility.

**2. Evidence—Competency—Cured Error.**

Where evidence is erroneously excluded on cross-examination, but evidence of substantially the same character is later introduced on direct examination, the error is cured.

CIVIL ACTION before *Harwood, Special Judge,* at January Term, 1928, of HAYWOOD.

The evidence tended to show that the plaintiff was operating a distillery and that a deputy sheriff duly deputized the defendant to go with him in search of and to arrest the guilty parties. When the officers arrived at the place where the blockading was in progress the plaintiff and his companions attempted to escape. Whereupon the defendant, who was armed with a shotgun, fired upon the plaintiff while he was seeking to make his escape. Seventy-five or eighty shot took effect in plaintiff's back, causing him serious injury. The defendant contended that while he was pursuing one of the parties found at the distillery that he stumbled and fell and his gun was discharged accidentally, and that the injury suffered by plaintiff was the result of such accidental discharge of the weapon.

Proper issues were submitted to the jury and answered in favor of the plaintiff. The verdict awarded plaintiff the sum of $1,500 damage. From judgment upon the verdict the defendant appealed.

*W. R. Francis and Alley & Alley for plaintiff.*
*John M. Queen, Morgan & Ward and M. G. Stamey for defendant.*

PER CURIAM. The evidence presented an issue of fact. The plaintiff offered evidence tending to show that the defendant shot him intentionally. The defendant offered evidence tending to show that the shooting was accidental. The verdict of the jury therefore determines the merit of the controversy. The principles of law governing the cause of action are thoroughly settled. *S. v. DeHerrodora,* 192 N. C., 749, 136 S. E., 6; *Holloway v. Moser,* 193 N. C., 185, 136 S. E., 375.

One of the parties who was engaged with the plaintiff in operating the distillery, was a witness for the plaintiff. This witness testified that

he was indicted for blockading and was thereupon asked by counsel for the defendant whether or not he was convicted. Plaintiff objected to the testimony and the objection was sustained. This question was competent. *S. v. Lawhorn,* 88 N. C., 634; *S. v. Jeffreys,* 192 N. C., 318, 135 S. E., 32; *S. v. Maslin, ante,* 537. However, on redirect examination the same witness testified that he was convicted and used plaintiff Nichols as a witness upon his trial. It is clear therefore that the error in excluding the testimony with respect to conviction was immaterial. Upon the whole record we are of the opinion that no reversible error appears in the case.

No error.