BLACKSTONE GUANO COMPANY, A CORPORATION, v. W. G. BALL AND
    A. W. PERRY, TRADING AS W. G. BALL AND COMPANY, AND R. G.
    BAILEY, RECEIVER.

(Filed 28 October, 1931.)

1. **Appeal and Error J e—Error in exclusion of evidence is harmless when
    evidence of same import is later admitted on the trial.**

    Where a party objects to the ruling out of certain evidence and later
    during the trial evidence of the same import is admitted of which he gets
    the benefit, the error, if any, committed in ruling out the evidence
    is harmless.

2. **Same—Where it does not appear what testimony of witness would
    have been, its exclusion cannot be held for prejudicial error.**

    Upon an assignment of error to the exclusion of certain testimony
    tendered, the record must disclose what the testimony rejected would
    have been or the assignment of error will not be considered on appeal.

3. **Partnership D b—Where firm receives benefit of purchase on credit
    the members are liable although purchase on credit was not author-
    ized.**

    Where a member of a partnership violates a partnership agreement
    not to buy on credit, and there is evidence that his copartner had in-
    formed the seller's agent of the agreement prior to the sale, but the
    undisputed evidence is to the effect that the partnership received the
    benefit of the transaction, *Held:* the partnership is liable for the purchase
    price, and an instruction upon the undisputed evidence that if the jury
    found it to be true to answer the issue for the plaintiff is not error,
    and the fact that the partnership was later placed in a receiver's hands
    and that one of the partners was indicted is not relevant to the issue.

APPEAL by defendant W. G. Ball from *Moore, Special Judge,* and a
jury, at February Term, 1931, of FRANKLIN. No error.

The issue submitted to the jury and their answer thereto, were as
follows: "In what sum, if any, are the defendants indebted to plaintiffs?
Answer: $466.50, with interest from 15 May, 1929." .

The court below charged the jury as follows: "If you believe the
evidence as testified to, I charge you to answer the issue $446.50 and
interest." Judgment was rendered in accordance with the verdict. De-
fendant W. G. Ball made numerous exceptions and assignments of error
and appealed to the Supreme Court. The material ones will be con-
sidered in the opinion.

*Edward F. Griffin for plaintiff.*
*White & Malone and Yarborough & Yarborough for W. G. Ball.*

CLARKSON, J. This is a civil action brought by plaintiff, a corpora-
tion, against the defendants to recover the sum of $466.50, and interest,

due by note dated 15 May, 1929, due at five months made to plaintiff. Said note signed "W. G. Ball and Company, by A. W. Perry, manager." W. G. Ball and A. W. Perry were partners engaged in the mercantile business, selling fertilizer, etc. The note was given for a car of fertilizer bought by defendants from plaintiff. A. W. Perry testified, in part: "Yes, sir, we received the car of fertilizer for the company. Yes, sir, it was sold by me for the company. Yes, sir, the proceeds were used for the company and by the company."

W. G. Bergman testified, in part: "I am vice-president and manager of the Blackstone Guano Company. This check was received by our firm. It was for a car of fertilizer shipped to W. G. Ball and Company. It is for $466.50. That check was put in the bank in the due course of our business and deposits. It was not paid. During the year 1929, we sold W. G. Ball and Company, certain fertilizer. We had carried on cash transactions prior to this. What we termed cash. Yes, sir, we did sell them on credit, and had credit trade with them. This note was delivered to me. It was delivered to Blackstone Guano Company, by mail from W. G. Ball and Company, A. W. Perry, manager. The amount is $466.50. Yes, sir, it was to take care of a check which the bank charged to our account. The check was duly deposited by us. We made demands on W. G. Ball and Company for the payment of this note when it became due. I didn't call on Mr. Ball personally at its actual maturity, but my letter addressed to W. G. Ball, at Alert, N. C., dated 22 January, 1930. This letter tells we are drawing draft against him. About the time of our letter we received one from Mr. Ball asking us for a statement of the business with W. G. Ball and Company for the years 1928 and 1929, and stating in his letter that the firm was in the process of dissolution."

The defendant, W. G. Ball, admitted the partnership, but contended that he notified plaintiff "in express terms more than once, that no sale of fertilizer could be made to said firm, except for cash, and that the defendant, A. W. Perry, had no right or authority to purchase any fertilizer in the name of the firm on credit."

The defendant, W. G. Ball, contended further that the court below erred in excluding testimony on his part as to the nature of the agreement with Perry in regard to dealing on a cash basis. He would have testified: "We were to handle fertilizer, hay and galvanized roofing on a cash basis, everything to be paid for before it was ever unloaded, not a dime's worth to be unloaded until paid for—that was our agreement." But we find the following in the record as testified to by Ball: "Q. Did you give Mr. Perry any authority to buy or sell anything on credit? Ans.: No, sir, I did not. Q. Did you have a distinct agreement not to buy or sell anything on credit? Ans.: Yes, sir, that was our agree-

ment. Mr. Perry sent a man from the Blackstone Guano Company down there to see me one day, Mr. Chambers, and he tried to sell me a car of fertilizer—thought I would be interested. Kept insisting, said Mr. Perry said if I would buy one car, said he would double the order. I said I haven't got the money. I said don't sell me or him neither unless you get the money. Yes, sir, I told him that Mr. Perry had no authority to buy anything on credit; that was in 1928, the last of March the representative came to see me one more time. He just came by there and tried to sell me some fertilizer. I told him I was not interested. I didn't have any money. I didn't have anything to do with the business over there in the selling line."

If there was any error in the exclusion of the evidence, we think the defendant Ball substantially got the benefit of the evidence from his subsequent testimony above, which was admitted (*Nichols v. Bradshaw,* 195 N. C., 763); but, from the view we take of this case, this evidence was immaterial.

An exception and assignment of error was to the effect: "Defendant tenders evidence to show that the firm got no benefit from the fertilizer." The record does not disclose what the evidence was; therefore the assignment of error cannot be sustained. *Campbell v. R. R., ante,* at p. 109. The fact that the firm is in the hands of a receiver, and Mr. Perry has been indicted, is not relevant to this issue.

In *Johnson v. Bernheim,* 76 N. C., at p. 140, is the following: "But even in that case if the terms are violated, as if a partner buy on time when he ought to buy for cash and the thing bought come into the partnership and the partnership take the benefit, the partnership must pay for it." See same case, 86 N. C., 339.

The defendant contends "That the court was in error in giving instructions here complained of. The case of *Sladen v. Lance,* 151 N. C., 493, is almost on all-fours with the instant case."

In *Oakley v. Morrow,* 176 N. C., at p. 136, we find: "The contract in question here was for labor performed and money lent to the firm during the year to enable it to carry on its ordinary business, and, in the absence of any facts or circumstances creating an estoppel, defendant is liable by reason of his position as member of the firm, and whether plaintiff knew of his effort and purpose to withdraw or not. *Johnson v. Bernheim,* 86 N. C., 339. In the case of *Sladen v. Lance,* 151 N. C., 492, it is not opposed, but in direct recognition of the principle. That was the case of a partnership which, by its terms, imposed special restrictions on the power of the partner who made the contract, and it was held that a creditor selling to the firm with knowledge of these restrictions was bound by them; but in our case, as stated, the defendant

is a general partner; the contracts were made with a member having full powers, and the firm has received full consideration." See *Machine Co. v. Morrow*, 174 N. C., 198.

The undisputed evidence in the record is to the effect that the defendants partners received the car of fertilizer purchased by A. W. Perry for the company, and "the proceeds were used for the company and by the company." The partnership got the benefit of the fertilizer and must pay for it. "The firm has received full consideration." From the facts in this case, the charge of the court below was correct. In the judgment of the court below, we find

No error.